Jose Pepin, Plaintiff-Appellee, v. City of Chicago, a Municipal Corporation, et al., Defendants-Appellants.

Gen. No. 51,453.

First District, Second Division.

January 17, 1967.

Raymond F. Simon, Corporation Counsel, of Chicago (Sydney R. Drebin and Ronald S. Cope, Assistant Corporation Counsel, of counsel), for appellants.

Henry H. Levin, of Chicago (Harry G. Fins, of counsel), for appellee.

MR. PRESIDING JUSTICE LYONS delivered the opinion of the court.

This is an appeal by defendants from a temporary injunction order, enjoining defendants from demolishing plaintiff's building pursuant to an order of demolition entered in another court of concurrent jurisdiction, and from an order denying defendants' petition to vacate the aforesaid order for a temporary injunction.

On January 4, 1966, the City of Chicago filed a complaint, case number 66 CH 46, against Elizabeth Trautman, John Trautman, and Unknown Owners, for demolition of the structure located at 1916 West Ohio Street, Chicago, Illinois. On February 4, 1966, Jose Pepin inter-

vened in the demolition action alleging that he was the owner of the subject property. The action for demolition proceeded before Judge Alvin Kvistad of the Municipal Department of the Circuit Court of Cook County. Judge Kvistad continued the case on various occasions to allow Pepin an opportunity to rehabilitate the property. We do not have the record of the proceedings in case number 66 CH 46. Therefore, we do not know on what dates the various orders were entered by Judge Kvistad. The parties to this appeal have in their statement of facts alluded to the fact that the court (Honorable Alvin Kvistad presiding), ordered demolition on April 15, 1966, and that the order of demolition was entered of record on June 1, 1966. Other facts pertaining to 66 CH 46 are likewise considered by this court only because the parties to this appeal have alluded to them in their statement of facts.

On April 4, 1966, during the pendency of the demolition action before Judge Kvistad, Pepin filed a complaint, case number 66 CH 1931, for an injunction to restrain the City of Chicago, the Mayor, the Commissioner of Buildings, the City Collector, the Superintendent of Streets, and the Superintendent of Police from interfering with the repair and rehabilitation of the building located at 1916 West Ohio Street, Chicago. This case was assigned to Judge Daniel A. Covelli of the County Department of the Circuit Court of Cook County. Pepin alleged, in his complaint, that on February 14, 1966, he was issued a Building Permit for the purpose of repairing the subject property. This permit was entered into evidence in the prior demolition action.

On April 19, 1966, four days after the court (Honorable Alvin Kvistad presiding) ordered the demolition in case number 66 CH 46, Pepin filed a petition for a temporary injunction in case number 66 CH 1931 to restrain the defendants from demolishing the subject property. On

the same day the court (Honorable Daniel Covelli presiding) entered an order in case number 66 CH 1931 for a temporary injunction restraining the defendants from carrying out the order of April 15, 1966, in case 66 CH 46.

It is defendants' theory of the case (1) that the court first obtaining jurisdiction of a matter retains it to the exclusion of other courts of concurrent jurisdiction, and (2) that one judge of the Circuit Court of Cook County has no authority to review cases decided by another judge of the same court.

It is plaintiff's theory of the case (1) that the appeal of the defendants (other than the City of Chicago) be dismissed, as their notice of appeal was not filed within the required 30 days, and (2) that the demolition decree entered of record on June 1, 1966, was barred under the doctrine of res judicata by the decree for a temporary injunction entered (Honorable Daniel Covelli presiding) on April 19, 1966.

■ At the outset, we do not agree with plaintiff that the appeal be dismissed as to all the parties other than the City of Chicago because of their failure to file a notice of appeal within the required time. Unlike the circumstances in the cases cited by plaintiff, this case does not involve the principle "that each litigant acts for himself and not for his co-parties." Here, the aforementioned City officials are not individual litigants. They have no interest in this matter apart from the interest of the City of Chicago. It is the City that seeks to demolish the subject property. In carrying out the demolition decree the various officials would simply be acting as the City's officers or agents.

■ Plaintiff's second contention is, in essence, that entry of a temporary injunction on April 19, 1966, made the demolition decree filed and entered on June 1, 1966, invalid by the doctrine of res judicata. We are asked to decide whether a court first obtaining jurisdiction of a

controversy retains it to the exclusion of another court of concurrent jurisdiction or whether a second court assuming jurisdiction and entering a decree prevents the entry of a decree in the first court when the elements of res judicata are evident. We hold that once the court in which the demolition order was entered took jurisdiction of the subject matter, it retained it to the exclusion of another court of concurrent jurisdiction. Hudson v. Mandabach, 22 Ill App2d 296, 160 NE2d 715 (1959); People ex rel. Kagy v. Seidel, 22 Ill App2d 316, 160 NE2d 681 (1959); Shilvock v. Shilvock, 31 Ill App2d 254, 175 NE2d 272 (1961); In re Estate of Curley, 43 Ill App2d 389, 193 NE2d 607 (1963); and Trojan Fireworks Corp. v. Acme Specialties Corp., 66 Ill App2d 108, 213 NE2d 44 (1965).

■ Furthermore, at the time the orders were entered, the General Orders of the Circuit Court of Cook County make it abundantly clear, that in a matter such as an action to demolish a building, the Municipal Department and the Chancery Division of the County Department have concurrent jurisdiction. The General Orders of the Circuit Court of Cook County, Organization, 1-2. Operation; 2.2. Municipal Department; (b) Civil Actions Heard, state:

> . . . Concurrently with the Chancery Division of the County Department, the Municipal Department hears proceedings in chancery to enforce ordinances of a municipal corporation situated wholly or in part within the district.

This provision does not mean, however, that the Chancery Division of the County Department has powers superior to the Municipal Department, in respect to demolition actions filed in said Municipal Department pursuant to section 39–12 of the Municipal Code of Chicago. To sanction superior authority in the Chancery Division of the County Department over demolition actions filed in the Municipal Department would create

havoc within the Circuit Court. Litigation could be tied up perpetually by a series of complaints and petitions, each seeking to prohibit a litigant from carrying out the order of another judge.

For the above reasons the temporary injunction order is reversed as to all defendants.

Judgment reversed.

BURKE and BRYANT, JJ., concur.