*In re* ESTATE OF IRENE ISABELLE NOWAK, Deceased—(GRACE TODD et al., Petitioners-Appellees, *v.* FIRST NATIONAL BANK AND TRUST CO. OF BELVIDERE, Admr., Respondent-Appellant.)

(No. 70-16; 

Second District—November 20, 1970.

574

David R. Babb, Stanley A. Hetzler, of Belvidere, for appellant.

John A. Strom, of Belvidere, for appellees.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

A petition was filed to set aside a finding of heirship and appointment of an administrator by persons (petitioners) claiming to be the true heirs of the decedent. Their claim was based upon the supposition that the deceased was not lawfully married at the time of her death. The court, subsequent to bench trial, rendered a decision finding that there was a valid marriage and denied the petition. Some 15 days later, a pleading was filed by petitioners and the court then rendered a contrary decision finding that the deceased was not married and ordered the appointment of a new administrator. From this last order the appeal is taken.

Herman and Irene Nowak were married in 1936 at Moline, Illinois, and moved to Belvidere, Illinois, in 1937. They resided continuously in Belvidere, as husband and wife until they were divorced there on April 26, 1948. After the divorce, Herman and Irene lived separate and apart for a period of approximately one year. Thereafter, the parties were known to be living together again and, from that time until their deaths, the parties conducted themselves as husband and wife. On June

25, 1969, Irene and Herman Nowak were both injured in an automobile accident; Irene died instantaneously and Herman died the next day. No marriage license was issued to them in Boone County subsequent to April 26, 1948, nor could any marriage certificate be found dated after their divorce. There were no children either born to or adopted by either of them during their respective lifetimes.

July 7, 1969, on the petition of Hilda J. Hollister (sister of Herman Nowak), respondent was appointed Administrator of the Estate of Irene Nowak, Deceased. Proof of heirship found Herman Nowak, her husband, her only heir at the time of her death. A petition for revocation of letters of administration and issuance of new letters was filed by Grace Todd, sister of the deceased Irene Nowak, on July 16, 1969. The Court, after an extended hearing, found that Irene Nowak's sole heir at law was Herman Nowak, her husband. Thereafter, a pleading was filed by petitioners, asserting error in the court's decision and, after argument, the court reversed its prior order and found that Irene Nowak was not married at the time of her death and was survived only by her brothers and sisters, petitioners herein. The letters issued to respondent were revoked and new letters issued to Grace Todd.

■■ The respondent urges in the first instance that the pleading filed by petitioners does not conform to the requirements of section 68.3 of the Civil Practice Act (Ill. Rev. Stat. 1969, ch. 110, par. 68.3), in that specific relief was not requested in the document. Respondent would have us conclude that the order of the court, entered on November 28, 1969 (reversing its order of October 20, 1969) which was granted on the court's own motion, was void for want of jurisdiction since more than thirty days had elapsed. On this point, we do not agree. The document filed with the court on November 4, 1969, when taken as a whole, was an extensive presentation which could only be regarded by the court as a request for review of its prior findings. As respondent has pointed out, a motion of this nature is optional in a non-jury case and does not limit the scope of review. Its only purpose can be to ask for relief. Furthermore, the Civil Practice Act requires that it "be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties. The rule that statutes in derogation of the common law must be structly construed does not apply to this act or to the rules made pursuant thereto." (Ill. Rev. Stat. 1969, ch. 110, par. 4.) We therefore find that the pleading filed by petitioners was sufficient under the act to stay execution of the order rendered on October 20, 1969, and that the court did not lose jurisdiction of the case.

■■ The respondent next urges that they find the order of the trial court, entered on November 28, 1969, improper for failure to cite its reasoning

or any authority in the matter. We also disagree on this point. The trial court in a non-jury case is not required to give or advance any reasons in reaching a decision. Ill. Rev. Stat. 1967, ch. 110, par. 64; *Robinhorne Const. Corp. v. Snyder* (1969), 113 Ill.App.2d 288, 294.

The respondent's next contention concerns the evidentiary nature of the information stated in a coroner's certification of death. An exhibit at trial was a certified copy of the coroner's certificate of death, naming the deceased as Irene Nowak and stating her surviving spouse to be Herman Nowak. Respondent claims such information presents "prima facie evidence" of the marriage of Irene and Herman Nowak at the time of the decedent's death, citing *People v. Fiddler* (1968), 102 Ill.App.2d 319 for construction of section 25(6) of the Vital Records Act. (Ill. Rev. Stat. 1969, ch. 111½, par. 73-25(6).) However, the Supreme Court has since reversed that finding in *People v. Fiddler* (1970), 45 Ill.2d 181. The Court there found that a certified copy of a coroner's death certificate listing cause of death was not admissible in a murder prosecution as *prima facie* evidence of cause of the victim's death. The Court, at page 188, stated:

"* * * we think that in any event the cause of death * * * is not made admissible by subsection (6). That subsection gives the status of *prima facie* evidence only to 'facts' stated in the certificate. The question, therefore, is whether a statement of the cause of death which is included in a coroner's certificate of death is a fact within the meaning of the statute."

■■ The Court went on to conclude that the opinion of an examining physician as to cause of death is not a "fact" which is to be admissible as *prima facie* evidence. We would likewise conclude that a statement made to the coroner by one of decedent's relatives, and transferred to the death certificate as in this case, is not a "fact" which is to be admissible as *prima facie* evidence of the marital status of the decedent.

Respondent's final contention is that documentary proof of a ceremonial marriage is not required to raise a presumption of marriage where the man and woman live together continuously during the time of the presumed marriage, where by their own statements and actions they exhibit conduct consistent with a ceremonial marriage, and where substantial documentary evidence demonstrates conduct consistent with a ceremonial marriage. It cites *Stathos v. La Salle Nat. Bank* (1965), 62 Ill.App.2d 398, leave to appeal denied, 33 Ill.2d 626, where the court concluded, on facts similar to those present in this case, that a reasonable presumption of marriage was raised. In *Statthos*, both participants to the wedding were dead; no record of ceremonial marriage could be found;

they had exhibited conduct consistent with ceremonial marriage; and they had lived together as man and wife until the woman died.

Petitioners argue that *Stathos* is not controlling because the participants in the marriage had children born to them, and the court was primarily concerned with the presumption of legitimacy of the offspring. They urge, instead, that we adopt a rule requiring documentary proof of ceremonial marriage where no witness testifies to an actual marriage having been performed. They further maintain that had a marriage occurred, it would have been performed in Illinois and most likely in Belvidere, and that the absence of an Illinois marriage certificate should result in a presumption against marriage in this State or elsewhere.

■■ We cannot agree with petitioners in this regard; we cannot make such a supposition regarding the actions of the deceased couple. It was not uncommon in 1948 for a couple to travel to another state to have a marriage ceremony performed. The Nowaks had been married in 1937 and lived together for eleven years before their divorce in 1948. Often a remarriage is not looked upon in the same light as was the original marriage of the couple. The fact that a marriage ceremony was not performed in the home town of the couple does not preclude the possibility of marriage. Conversely, marriage cannot be presumed valid by reputation alone since the State of Illinois does not recognize common law marriage; a marriage ceremony must take place.

The question before this court is whether a marriage may be proven by evidence which does not include actual proof of the ceremony.

■■ We conclude that the finding in *Stathos* is controlling in this case. The presumption of legitimacy was considered in that decision, but we do not feel it renders the findings impotent in similar circumstances where no children are born of the relationship. The evidence in this case is even more extensive than in *Stathos*. Herman and Irene Nowak were married, divorced, and then resumed living together after a short period of time. Both parties are now dead and no record of a marriage can be found, nor can any person be found who can be said to have witnessed the marriage. Yet the parties did claim to have been remarried on a trip to the western states. Such a trip was in fact taken by them at the time they claimed to have been remarried. They resumed living together after returning from the trip, and continued to so live until their deaths. They held themselves out to the community and to friends and relatives as being remarried. Real estate was conveyed to them as husband and wife in joint tenancy. Exhibits including sales slips, insurance contracts, census records, savings accounts, personal property tax returns, hospital consent forms and income tax returns, were *indicia* of their husband-

and-wife relationship. In all phases of day to day activity, the parties acted in a manner fully consistent with a ceremonial marriage. Given this factual situation, we hold that respondent did furnish sufficient proof to establish the marriage in question by the manifest weight of the evidence.

Petitioners argue that *Lesher v. Lesher* (1911), 159 Ill.App. 432, places the burden of proof on the respondent to prove that an illicit relationship has changed. By holding that the alleged marriage has been proven, we eliminate the question of whether the relationship was illicit in its commencement. It cannot have been illicit to live together after a marriage.

The decision of the trial court is reversed and the cause is remanded for entry of an order consistent with this opinion.

Reversed and remanded.

ABRAHAMSON and SEIDENFELD, JJ., concur.