Ruby Alfaro, Individually and as Adm'r of the Estate of Anthony Alfaro, Deceased, Plaintiff-Appellant, *v.* John J. Meagher, Adm'r of the Estate of Matthew Daniel, Deceased, Defendant-Appellee.

(No. 58773;

First District (1st Division)—March 17, 1975.

Lawrence P. Hickey and Eugene R. Ward, both of Chicago (William J. Harte, of counsel), for appellant.

Taylor, Miller, Magner, Sprowl, & Hutchings, of Chicago (James J. Hoffnagle, of counsel), for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Ruby Alfaro, individually and as administrator of the estate of Anthony Alfaro, deceased (plaintiff), has appealed from dismissal with prejudice of her wrongful-death action against John T. Meagher, administrator of the estate of Matthew Daniel, deceased (defendant). The order of dismissal was entered in accordance with defendant's motion to dismiss plaintiff's amended complaint.

The amended complaint alleged that on November 2, 1968, plaintiff's decedent was a passenger in an automobile being driven by defendant's decedent in Tennessee. It alleged that defendant's decedent committed one of several specified wilful and wanton acts or omissions which directly and proximately caused the death of plaintiff's decedent on the same date. The amended complaint also alleged that the deceased, Anthony Alfaro, left as his heirs at law and next of kin, his widow, plaintiff Ruby Alfaro, and his mother. Ruby Alfaro was duly appointed administrator of the estate of Anthony Alfaro, deceased.

Defendant's motion to dismiss alleged that the court had no jurisdiction of the subject matter of the action; defendant did not have legal capacity to be sued and the claim was barred because at the time of the death of defendant's decedent, Matthew Daniel, he was a resident of the State of Michigan, residing at 510 South Allen Street in Lansing, Michigan, as set forth in the petition filed in the probate division and as set forth in documents attached to the motion. Appended to the motion is a certificate of death of Matthew Daniel stating his place of residence as 510 South Allen Street in Lansing, Michigan. This document is authenticated by the authorities of the State of Tennessee. Also

appended to the motion is a certificate of title to a motor vehicle authenticated by the Secretary of State of Michigan, issued April 22, 1968, showing the same address of Matthew Daniel in Lansing, Michigan. No affidavit or other authentication is appended to the motion which bears the signature of defendant's attorney of record.

In this court, plaintiff urges that defendant may not collaterally attack his appointment as administrator; and, in addition, that his appointment was proper so that the circuit court of Cook County had jurisdiction. Defendant contends that the courts of Illinois lacked jurisdiction over the subject matter of an action where the defendant decedent was a nonresident of Illinois and where the occurrence in question took place outside of Illinois. In addition, defendant urges that jurisdiction of the subject matter is always subject to collateral attack.

The legal issues here may well be stated in a manner different from the briefs of both parties. In our opinion, decision of this case depends upon jurisdiction of the subject matter: first, as regards the order of the probate division of the circuit court in appointing defendant administrator of the deceased estate; and, second, the jurisdiction of the law division of the circuit court over the subject matter of the suit subsequently filed by plaintiff. As will appear, there is no issue here of jurisdiction over the person of the defendant. So far as this record indicates, he was properly served with summons in Cook County and has filed his general appearance.

Furthermore, if it be conceded that the probate division of the circuit court had jurisdiction of the subject matter of the deceased's estate as regards appointment of the defendant as administrator, the attempt made by defendant in the law division of the circuit court to question the validity of his appointment as administrator, must necessarily be rejected because the law division lacked authority to pass upon validity of the appointment. Analogously, no collateral attack could have been made upon the orders of a probate court (then a separate and distinct court) on the ground that it lacked subject-matter jurisdiction because of lack of residence of a deceased, or an incompetent, within the county. See *Bremer v. Lake Erie & W. R.R. Co.*, 318 Ill. 11, 22, 23, 148 N.E. 862, and *People ex rel. Kagy v. Seidel*, 22 Ill.App.2d 316, 321, 160 N.E. 2d 681, *leave to appeal denied*, 18 Ill.2d 627.

Defendant moved the law division of the circuit court to dismiss the action on the ground that it did not have jurisdiction of the subject matter thereof and further that he did not have legal capacity to be sued. The second ground is tantamount to a contention that the probate division of the circuit court lacked jurisdiction of the subject matter

when it appointed defendant as administrator. We will consider these contentions in their stated order.

The circuit court of Cook County was established in its present form by amendment to the judicial article of the Illinois Constitution of 1870 effective January 1, 1964. This amendment was reenacted into the Constitution of 1970. It provides (Ill. Const. (1970), art. VI, § 9):

> "Circuit Courts shall have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction relating to redistricting of the General Assembly and to the ability of the Governor to serve or resume office. Circuit Courts shall have such power to review administrative action as provided by law."

■■ This court recently defined jurisdiction of the subject matter as "the power of a particular court to hear the type of case that is then before it." (*Davis v. Davis*, 9 Ill.App.3d 922, 929, 293 N.E.2d 399, citing *Faris v. Faris*, 35 Ill.2d 305, 220 N.E.2d 210.) In view of the broad and virtually unlimited constitutional grant of subject-matter jurisdiction to the circuit court, we see no basis for the contention that the law division lacked jurisdicion of the subject matter of the claim for damages for wrongful death.

■■ The primary and basic issue of subject-matter jurisdiction should not be confused with collateral matters such as *forum non conveniens*. This doctrine "is founded in considerations of fundamental fairness and sensible and effective judicial administration." (*Adkins v. Chicago R. I. & P. R.R. Co.*, 54 Ill.2d 511, 514, 301 N.E.2d 729.) In these cases, the court in which a suit is brought generally has jurisdiction of the subject matter but declines to act because "of fundamental fairness and sensible and effective judicial administration." Issues such as the residence of the defendant's decedent and the locale of the occurrence, as raised in defendant's motion to dismiss, may be pertinent in discussion of *forum non conveniens* but have no bearing upon subject-matter jurisdiction of the law division. Similarly, we should not be concerned with validity of the service of process. No such question is before us. Thus, defendant's motion to dismiss on the ground that the law division of the circuit court lacked subject-matter jurisdiction has no validity.

We will consider next the issue of jurisdiction of the probate division of the circuit court over the subject matter of the deceased's estate. The probate division of the circuit court is a court with subject-matter jurisdiction equal to any other division of the court. The various divisions of the circuit court of Cook County were specified and created by general order of the circuit court of Cook County dated March 1, 1966,

and March 7, 1966, and revised September 3, 1969, and November 17, 1969. The order states that the law division is to hear civil actions at law with certain stated exceptions. The same general order specifies that the probate division is to hear actions and proceedings concerning administration of estates of decedents and other similar matters not material here. Since both the probate division and the law division are therefore simply divisions of the same constitutional court of general jurisdiction, it follows necessarily that both of these tribunals could have had equal and concurrent subject-matter jurisdiction over the matter of the appointment of the administrator.

However, it does not follow from this premise that the law division acquired subject-matter jurisdiction superior and to the exclusion of the preexisting and previously exercised jurisdiction of the probate division. Two important and interdependent principles must be considered in this regard. Both of these theories are admirably illustrated by the decision of this court in *Pepin v. City of Chicago*, 79 Ill.App.2d 295, 224 N.E.2d 587.

In *Pepin*, the city filed a complaint in the municipal department of the circuit court of Cook County for demolition of a building. Judgment ordering demolition was entered. During the pendency of the demolition action, plaintiff had filed a complaint in the county department, chancery division of the circuit court to restrain demolition. Four days after the entry of judgment in the municipal department, on plaintiff's motion, the chancery division entered a temporary injunction restraining enforcement of the judgment for demolition. On appeal by the city from the injunctional order, the judgment of the county department, chancery division, was reversed.

The crucial language by this court illustrating one of the principles which should be operative in the case before us is (79 Ill.App.2d 295, 299):

> "We hold that once the court in which the demolition order was entered took jurisdiction of the subject matter, it retained it to the exclusion of another court of concurrent jurisdiction. [Citations.]"

This court cited the general orders of the circuit court of Cook County above pointed out, creating the divisions of the circuit court and providing that the municipal department would have concurrent jurisdiction with the chancery division of the county department in connection with enforcement of ordinances of municipal corporations. It also should be noted that in the case before us the situation is even stronger for the retention of jurisdiction over the appointment of the administrator by the probate division. The general orders do not give concurrent juris-

diction to both the probate and the law divisions regarding administration of estates but instead vest this jurisdiction exclusively in the probate division. On the other hand, the law division has exclusive jurisdiction over the wrongful-death action.

■■ It follows that the question of legal propriety of the order of the probate division appointing the defendant, John T. Meagher, as administrator of the estate of Matthew Daniel should have been submitted to and determined by the probate division. The order of that court may have been erroneous but it was entered with full and complete jurisdiction of the subject matter; hence it was not subject to review by the law division.

■■ Defendant here takes the position that the courts of Illinois lack subject matter jurisdiction because of the residence of the decedent. This fact, assuming it to be accurate,[1] is not determinative of the jurisdiction of the probate division. For example, the applicable statute vests in the circuit courts power to grant administration of intestate estates of nonresident decedents, where the instrument evidencing the debt or a chose in action is located; or, absent the presence of such instrument within the state, where the debtor resides. (Ill. Rev. Stat. 1973, ch. 3, par. 55.) This would cover the situation in event the decedent had a policy of automobile liability insurance within this State or where the insurer did business in Cook County, Illinois. In any event, we need not speculate upon these matters since the issue of jurisdiction of the probate division and the consequent validity and propriety of its order appointing the administrator should have been submitted to that division by direct proceedings and not by seeking review by another division of the circuit court as in the case at bar. Any issue regarding the propriety of the order should have been submitted to the probate division which had entered it.

■■ The second and remaining principle applicable here is founded upon sensible and practical considerations. If the structure of our court system permitted loose practice, such as collateral review by one branch of the circuit court of orders previously entered in another, the result would inevitably be complete chaos. Rules of practice are required for simplification and standardization of court procedure and these rules should be obeyed by lawyers and litigants and enforced by the courts. As well stated in *Pepin* (79 Ill.App.2d 295, 300), the alternative is that

---

[1] We note that the defendant's motion to dismiss lacks affidavit or other verification (Ill. Rev. Stat. 1973, ch. 110, par. 48(1).) Also the certificate of death does not itself constitute valid proof of residence of decedent. (*People v. Fiddler*, 45 Ill.2d 181, 258 N.E.2d 359; *In re Estate of Nowak*, 130 Ill.App.2d 573, 264 N.E.2d 307.) This may also be true as regards the certificate of title to a motor vehicle.

"[l]itigation could be tied up perpetually by a series of complaints and petitions, each seeking to prohibit a litigant from carrying out the order of another judge."

The briefs filed by able counsel for both sides of the controversy cited a number of authorities going to the question of jurisdiction. However, in our opinion, none of these cases are applicable here. Each of them is directed to a situation in which there was a direct appeal from orders of the probate court denying a motion to vacate its order for issuance of letters of administration. During the years in which these cases were decided, such appeals went from the probate court to the circuit court and then to the appellate court. See *Furst v. Brady*, 375 Ill. 425, 31 N.E.2d 606; *In re Estate of Lawson*, 18 Ill.App.2d 586, 153 N.E.2d 87, and *In re Estate of Shirley v. Shirley*, 334 Ill.App. 590, 80 N.E.2d 99; also Ill. Rev. Stat. 1961, ch. 3, par. 330.

■■ It follows that the wrongful-death action was erroneously dismissed. The order of dismissal is therefore reversed and the cause remanded to the circuit court for further proceedings not inconsistent with this opinion.

Judgment reversed, cause remanded.

EGAN and SIMON, JJ., concur.