*In re* MARRIAGE OF LINDA E. DUFFEY, Petitioner-Appellee, and DANNY J. DUFFEY, Respondent-Appellant.

Third District   No. 3—87—0527

Opinion filed May 2, 1988.

Klockau, McCarthy, Ellison & Marquis, of Rock Island (Thomas L. Kilbride, of counsel), for appellant.

Braud/Warner, Ltd., of Rock Island (Duane Thompson, of counsel), for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The respondent, Danny Duffey, appeals the decision of the trial court which denied his petition for relief filed pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401). The respondent's post-judgment petition challenges the trial court's award of child support awarded in a dissolution proceeding.

On appeal respondent contends: (1) that the trial court lacked subject matter jurisdiction to award child support because there was not a parent-child relationship between himself and the minor child; and (2) that the trial court abused its discretion in denying the respondent's petition for relief from judgment.

Linda and Danny Duffey met in June of 1980 and were married on September 4, 1981. Linda Duffey filed a petition for dissolution of

marriage on March 17, 1987. The petition for dissolution of marriage alleges that one child was born to the parties. However, the record indicates that the child was born on January 13, 1978, before the parties had met.

The trial court issued a judgment for dissolution which incorporated the parties' marital settlement agreement. In the agreement Danny Duffey agreed to pay child support in the amount of $25 per week. Later, Linda Duffey filed a petition to increase the support and the respondent filed the section 2—1401 petition for relief from judgment.

■ Duffey now contends that the trial court lacks subject matter jurisdiction to award child support without the requisite parent-child relationship.

Subject matter jurisdiction is defined as the power of a particular court to hear the type of case that is then before it. (*Alfaro v. Meagher* (1975), 27 Ill. App. 3d 292, 326 N.E.2d 545.) Generally, jurisdiction of a court over a cause depends on the state of facts at the time the action is brought. *Chrastka v. Chrastka* (1971), 2 Ill. App. 3d 722, 277 N.E.2d 729.

■ In the instant case the record indicates that the trial court was presented with sufficient evidence in the dissolution proceeding from which it could find that a parent-child relationship existed between Danny Duffey and the minor child. The evidence consisted of: (1) a verified petition for dissolution of marriage alleging the birth of one child to the parties; (2) the respondent's signed appearance and consent for immediate hearing acknowledging receipt of the petition, waiving any right to file responsive pleadings and consenting to the entry of an order incorporating the terms of the separation agreement; (3) the agreement signed by the respondent allowing for child support and other benefits for the minor child; and (4) petitioner's testimony that there was one child of the marriage. In addition Danny Duffey admits that he amended the minor child's birth certificate to add himself as the natural father.

The respondent's assertion that he is not the natural or adoptive father are contrary to his prior conduct and participation in the dissolution proceeding. The evidence presented supports the trial court's jurisdictional basis for an award of child support in the dissolution proceedings.

■ Danny Duffey's next contention is that the trial court abused its discretion in denying his petition for relief from judgment. The respondent's petition was filed pursuant to the Code of Civil Procedure. Ill. Rev. Stat. 1985, ch. 110, par. 2—1401.

Generally a party will prevail on a section 2—1401 petition where the petitioner shows: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting that defense or claim in the original action; (3) but through no fault or negligence of his own an error of fact or a valid defense or claim was not made to appear to the trial court at the time the challenged judgment, order or decree was entered; and (4) due diligence in filing the petition for section 2—1401 relief. (*Commercial National Bank v. Mehta* (1986), 144 Ill. App. 3d 924, 494 N.E.2d 779.) In addition, the petitioner must set forth specific factual allegations supporting each of the above elements. (*Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 482, 386 N.E.2d 284, 286.) The petitioner must also prove his right to the relief sought by a preponderance of the evidence. 68 Ill. App. 3d at 482, 386 N.E.2d at 286.

■ In the instant case, Duffey has failed to satisfy the requirements in order to prevail on his section 2—1401 petition. The record indicates that Duffey had amended the minor child's birth certificate to add himself as the natural father. In addition, Duffey signed the separation agreement providing for child support and other benefits for the minor child. At no time during the entire proceeding did the respondent contend that he was not the father of the minor child. In fact the respondent signed and consented to the settlement proceeding requiring him to pay child support. The defense the respondent seeks to raise was available to him throughout the entire proceeding. Clearly Duffey failed to present the defense that he is not the father of the child at the proper stage to be effective in a section 2—1401 petition. Consequently, the trial court was correct in denying Duffey's petition for relief.

For the foregoing reasons the judgment of the circuit court of Rock Island county is affirmed.

Affirmed.

SCOTT and WOMBACHER, JJ., concur.