ROSEMARY O'MALLEY *et al.*, Plaintiffs-Appellees, v. PETER A. POWELL, Defendant-Appellant.

First District (6th Division)   No. 1—89—1623

Opinion filed August 17, 1990.

Roberta Cole, of Law Offices of Joseph P. Marto, of Skokie (Sidney Z. Karasik, of counsel), for appellant.

Law Offices of Joseph V. Roddy, of Chicago, for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs, James and Rosemary O'Malley, filed a personal injury action against defendant Peter Powell following an automobile accident. (James is now deceased, and Rosemary is administrator of his estate.) The complaint was dismissed for want of prosecution. Plaintiffs filed a petition to vacate the default judgment pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). The court granted the petition and reinstated the case. Defendant appeals, contending that the court abused its discretion because plaintiffs failed to use due diligence either in prosecuting their case or in filing their section 2—1401 petition; and that plaintiffs had an adequate remedy under section 3—217 (Ill. Rev. Stat. 1987, ch. 110, par. 13—217). A third party action remains pending in the trial court.

The section 2—1401 petition and defendant's response, along with attached affidavits and facts of record, reveal the following facts. In June 1984, plaintiffs were passengers in a vehicle driven by third-party defendant John Halvey, when that vehicle was struck by a vehicle driven by defendant. Prior to filing suit, attorney Ellis E. Reid represented plaintiffs. When he became a judge in February 1985, Reid suggested to plaintiffs that they retain the services of attorney James D. Montgomery, Jr.

Montgomery performed legal services for plaintiffs both before and after a complaint was filed. On November 1, 1985, attorney Walter S. Clifton, Jr., filed this personal injury action on behalf of plaintiffs. The section 2—1401 petition states that Clifton was "at all times the attorney of record for plaintiffs" and that Montgomery was never the attor-

ney of record.

In June 1985, Montgomery wrote several letters to an insurance company regarding plaintiffs' case. On January 15, 1986, Montgomery sent defendant a notice of service of summons and complaint on behalf of plaintiffs.

On May 9, 1986, the trial court dismissed the case for want of prosecution (DWP). On June 13, 1986, the court granted plaintiffs' motion, filed by Montgomery, to vacate the DWP order.

In August 1986, Montgomery again wrote to the insurer about plaintiffs' case.

On December 11, 1986, defendant filed a motion to quash service. On February 26, 1987, Montgomery, on behalf of plaintiffs, responded. On March 3, 1987, the trial court struck defendant's motion to quash when defendant failed to appear in court.

In April 1987, Clifton left the practice of law because of illness and moved to Urbana, Illinois. Clifton's March 4, 1989, affidavit states that he executed a substitution of attorney form with Montgomery before leaving Chicago.

On June 1, 1987, defendant's attorney sent a deposition notice to Clifton in Chicago.

On June 25, 1987, defendant converted his special appearance to a general appearance. Defendant filed a jury demand, an answer, interrogatories, a notice to produce, and Rule 220 (107 Ill. 2d R. 220) interrogatories, all of which defendant served on Clifton in Chicago.

The response to the section 2—1401 petition states that on September 4, 1987, defense counsel received a postcard notice of the pretrial hearing from the court, and that on November 2, 1987, the Chicago Daily Law Bulletin published notice of the November 4, 1987, pretrial hearing.

Defendant later filed a third-party action against Halvey. Halvey filed discovery requests addressed to Clifton and to defendant.

The section 2—1401 petition states further that on November 4, 1987, the case was set for pretrial "as a matter of course, and neither plaintiffs or their counsel received any notice of said pretrial and did therefore not appear." The court entered an order dismissing the cause for want of prosecution. "Neither the court nor [defense counsel] sent notice of this dismissal either to plaintiffs or their attorney and no proof of service of said notice was filed" as required by circuit court rule. "At no time were the plaintiffs advised of this dismissal and plaintiffs did not learn of this dismissal until March of 1989" from attorney Joseph V. Roddy. Clifton's affidavit states that after April 1987: "I received no notice of any pre-trial conference or notice that the matter had been dis-

missed for want of prosecution by Judge Bonaguro on November 4, 1987," until Roddy telephoned Clifton on March 1, 1989.

The response to the section 2—1401 petition states that the dismissal order was published in the Chicago Daily Law Bulletin.

On December 13, 1987, Montgomery wrote Clifton again seeking another substitution of attorney. The section 2—1401 petition states: "[U]nknown to Mr. Clifton he remained attorney of record." Clifton's affidavit states that shortly after December 13, 1987, Montgomery wrote that the prior substitution of attorney was never filed. Clifton executed another form with Elliot Muse and returned the form.

On May 11, 1988, six months after the dismissal of the case, third-party defendant Halvey's counsel sent notice of a firm name change to Montgomery.

In October 1988, plaintiffs spoke with Roddy about the case. Plaintiffs asked Roddy "to look into the merits of plaintiffs' claim against defendant Powell and to consider representing plaintiffs in their claim." On October 12, 1988, Roddy mailed Montgomery a substitution of attorney form and requested plaintiffs' file from Montgomery.

In November 1988, Montgomery sent Roddy an incomplete file, which contained no pleadings or substitution of attorney. On February 23, 1989, Montgomery returned an unsigned substitution form to Roddy.

On March 17, 1989, Roddy, on behalf of plaintiffs, filed a section 2—1401 petition to vacate the November 4, 1987, order.

The petition states further that on February 14, 1989, Roddy discovered the November 4, 1987, DWP order. The petition asserts: "Roddy then made numerous attempts to contact Mr. Clifton to determine if this order had ever been vacated." After discovering it had not been vacated, Roddy filed the section 2—1401 petition.

On May 25, 1989, the court granted plaintiffs' section 2—1401 petition, vacated the November 4, 1987, DWP order, and reinstated the lawsuit.

On appeal, defendant contends that the trial court abused its discretion. He concedes that plaintiffs sufficiently allege a meritorious cause of action, but maintains that they failed to exercise due diligence.

■ A successful section 2—1401 plaintiff must show a meritorious cause and the exercise of due diligence. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 499 N.E.2d 1381.) The determination of whether or not to grant the petition lies in the discretion of the trial court and will not be disturbed absent an abuse of that discretion. (*Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 499 N.E.2d 1381.) Petitioner bears the burden of establishing a right to relief by a preponderance of the evidence. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 499 N.E.2d 1381; *In re Marriage of Duffey*

(1988), 168 Ill. App. 3d 1086, 523 N.E.2d 371.

■■ ■ If the facts alleged in a section 2—1401 petition are not of record, the petition must be supported by affidavits, and respondent must answer the petition's allegations. (*Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 433 N.E.2d 253.) Where affidavits support the petition, the court may enter judgment if those affidavits are uncontradicted. (*Ostendorf v. International Harvester Co.*, 89 Ill. 2d 273, 433 N.E.2d 253.) In considering a section 2—1401 petition, all uncontradicted facts in the petition and supporting affidavits are treated as true by the court. (*Galligan v. Washington* (1987), 163 Ill. App. 3d 701, 516 N.E.2d 894.) Thus, respondent should file counteraffidavits in support of its response to the section 2—1401 petition. (*Ostendorf v. International Harvester Co.*, 89 Ill. 2d 273, 433 N.E.2d 253.) Where respondent places the petition's allegations in issue with contradictory counteraffidavits, an evidentiary hearing should be held. (*Ostendorf v. International Harvester Co.*, 89 Ill. 2d 273, 433 N.E.2d 253.) However, the parties' waiver of the right to an evidentiary hearing permits the court to decide the motion on the affidavits. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 499 N.E.2d 1381.

Plaintiffs merely rely upon facts of record and the affidavit of Clifton. Defendant did not file counteraffidavits and did not request an evidentiary hearing.

Plaintiffs found themselves in a unique situation. Their first attorney, Reid, left private practice when he became a judge. Their second attorney, Clifton, left private practice after representing plaintiffs for almost two years and moved to Urbana when he was stricken with a serious illness. This was only a few months before the postcard notice of the pretrial hearing was sent by the court. The records indicate that the court had Clifton's Urbana address, but Clifton's uncontradicted affidavit states he received no notice of the pretrial hearing. It is clear from the petition and Clifton's affidavit that not only was he unaware that he was still attorney of record, but also was seriously ill and retired from practice.

Defendant emphasizes that Montgomery acted as legal counsel for plaintiffs and thus must have received notice of the pretrial hearing and subsequent DWP order. Montgomery clearly handled some of the legal services both prior to, and during, a transition period. Most of the legal services he rendered, however, occurred *prior* to Clifton's leaving practice. Following Clifton's April 1987 retirement, Montgomery did have Clifton execute a second substitution of attorney form, but with Muse, an attorney plaintiffs ultimately did not hire.

Moreover, even during the earlier period when Montgomery did file

court papers and write several letters on behalf of plaintiffs, defendant himself continued serving *Clifton* with various papers. For example, on June 24, 1987, defendant filed a jury demand, an answer, interrogatories, Rule 220 interrogatories, and a notice to produce at trial, and served these papers on Clifton in Chicago. This was only a few months before the court's postcard notice of the upcoming pretrial hearing.

■ Plaintiffs must show their failure to prosecute the suit was the result of excusable mistake and that, under the circumstances, they acted reasonably and without negligence. (*Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 499 N.E. 2d 1381.) One of the guiding principles in the administration of section 2—1401 relief is that the petition invokes the equitable powers of the court, which should prevent enforcement of a judgment when it would be unfair, unjust or inequitable. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 499 N.E.2d 1381.

Following the unavoidable loss of two attorneys, and the continued use of Montgomery through a transition, plaintiffs, in October 1988, approached Roddy about representing them. Under the unusual and somewhat confusing circumstances presented here, we cannot say plaintiffs acted unreasonably.

We also note that defendant apparently permitted all other parties to the suit to believe that the case was still pending. For example, six months after the dismissal, Halvey, the third-party defendant, was unaware of such an order. In May 1988, Halvey sent notice of a firm name change to Montgomery at Clifton's old address. Certainly Halvey would not do so if he were aware that the suit had been dismissed.

■ Defendant relies on the fact that the section 2—1401 petition fails to say "whether a notice of the pretrial was received by *Montgomery.*" (Emphasis added.) In addition, the petition fails to refer to the Law Bulletin's constructive notice of the hearing. The section 2—1401 petition is the equivalent of a complaint. Discovery is available. (*Lubbers v. Norfolk & Western Ry. Co.* (1986), 147 Ill. App. 3d 501, 498 N.E.2d 357.) If respondent believes the petition fails to allege facts necessary to support relief, he should file a section 2—615 motion to dismiss. (*Ostendorf v. International Harvester Co.*, 89 Ill. 2d 273, 433 N.E.2d 253.) Defendant did not do so. Moreover, if defendant had requested an evidentiary hearing, he could have, for example, examined Montgomery as a witness and explored the points about which he now speculates.

■ Defendant maintains that plaintiffs acted negligently in not following the progress of the case and being aware of the alleged negligence of Montgomery. Defendant points out that plaintiffs knew their attorney, Clifton, was ill, and thus they should have personally attended hearings or retained other counsel. A party is normally responsible for

following his lawsuit and will be bound by the negligence of his attorney. (*City National Bank v. Langley* (1987), 161 Ill. App. 3d 266, 514 N.E.2d 508; *Carroll Service Co. v. Schneider* (1986), 144 Ill. App. 3d 38, 494 N.E.2d 253; *Illinois Marine Towing Corp. v. Black* (1979), 74 Ill. App. 3d 909, 393 N.E.2d 707.) However, as we have stated, under the unusual circumstances presented here, we do not believe that plaintiffs themselves acted unreasonably or negligently.

■ Finally, defendant maintains that after retaining Roddy plaintiffs were not diligent in filing the section 2—1401 petition. A petitioner must show due diligence in filing the section 2—1401 petition. *Bonanza International, Inc. v. Mar-Fil, Inc.* (1984), 128 Ill. App. 3d 714, 471 N.E.2d 221; *American Consulting Association, Inc. v. Spencer* (1981), 100 Ill. App. 3d 917, 427 N.E.2d 579.

■ In October 1988, Roddy was approached about representing plaintiffs. He wrote to Montgomery, who sent an incomplete file, containing no pleadings and no substitution of attorney. In February 1989, Montgomery returned an unsigned substitution form. Shortly thereafter, Roddy inspected the court file, discovered the DWP order, and within a month he filed the section 2—1401 petition and all accompanying documentation and affidavits. Sufficient diligence was used in filing the petition.

We find that the trial court did not abuse its discretion in granting plaintiff's section 2—1401 petition to vacate the earlier dismissal. Plaintiffs established their right to relief by a preponderance of the evidence.

In view of our holding, it is unnecessary to consider defendant's additional argument that plaintiffs had a sufficient remedy under section 13—217 (Ill. Rev. Stat. 1987, ch. 110, par. 13—217), which would have permitted them to refile an action following the dismissal for want of prosecution.

For the foregoing reasons, the judgment of the circuit court of Cook County granting plaintiffs' section 2—1401 petition and reinstating the case is affirmed, and the cause is remanded for further proceedings.

Judgment affirmed; cause remanded.

LaPORTA, P.J., and RAKOWSKI, J., concur.