2024 IL App (1st) 221904-U

FIFTH DIVISION
March 22, 2024

No. 1-22-1904

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| MIDLAND CREDIT MANAGEMENT, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 M 1102242 |
| | ) | |
| ELOISE TERRELL, | ) | Honorable |
| | ) | Patricia M. Fallon, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE MIKVA delivered the judgment of the court.
Presiding Justice Mitchell and Justice Navarro concurred in the judgment.

**O R D E R**

¶ 1    *Held*:   Order denying defendant's petition, pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2022)), to set aside the *ex parte* judgment against her in this matter is affirmed; defendant failed to assert either a legal argument challenging the validity of the original ruling or new facts sufficient to support the granting of relief, and the contract leading to defendant's dispute did not require arbitration.

¶ 2    Plaintiff Midland Credit Management, Inc. (Midland), sued defendant Eloise Terrell alleging Ms. Terrell defaulted on debts accrued on her credit card. Ms. Terrell, who participated in several earlier court dates, was not present on the date of the bench trial and the circuit court

entered an *ex parte* judgment against her.

¶ 3    More than 30 days later, Ms. Terrell filed a petition pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)) to vacate the judgment. The circuit court denied her petition and Ms. Terrell appealed. For the reasons that follow, we affirm.

¶ 4                                    I. BACKGROUND

¶ 5    Midland is a debt buyer that filed a complaint against Ms. Terrell in January 2020 alleging three causes of action: (1) breach of contract, (2) implied contract/unjust enrichment, and (3) account stated. Midland alleged that Comenity Bank (Comenity), issued Ms. Terrell a credit account that she used to obtain various goods, services, merchandise, or money on credit. Attached to the complaint was a bill of sale and affidavit demonstrating that Midland had purchased the debt from Comenity and was Comenity's rightful successor in interest. Midland also attached a copy of a billing statement addressed to Ms. Terrell reflecting an outstanding balance of $6,235.87.

¶ 6    It appears from the record that all the court hearings in this case were conducted on Zoom. Ms. Terrell was self-represented in the circuit court, as she is in this court. The first status date was apparently August 26, 2020, and Ms. Terrell appeared via Zoom.

¶ 7    On July 8, 2021, Ms. Terrell filed a motion titled "Motion to Vacate Default and Motion to Strike and Dismiss." In that motion, Ms. Terrell cited section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2020)) and stated that Midland was "attempting to extort" her. Ms. Terrell further argued that Midland's cause of action for breach of contract failed because Midland did not attach a signed contract to its complaint. Ms. Terrell denied that Midland was a debt collection agency, and that Midland had shown either that it had suffered an injury or that Ms. Terrell had been unjustly enriched. She filed an affidavit stating that she never received mail informing her of either default, delinquency, or acceleration. Ms. Terrell further averred that she made monthly

payments and had not moved or had problems with her mail.

¶ 8    The circuit court denied Ms. Terrell's motion at a court date on November 9, 2021. The court's order indicates Ms. Terrell was present.

¶ 9    On December 7, 2021, Ms. Terrell filed a motion for reconsideration and clarification. In that motion, she reiterated her earlier arguments and stated that Midland's complaint did not include substantial allegations of fact and failed to state a cause of action upon which relief could be granted. She also stated that the circuit court did not clarify its ruling, state the law upon which it based its decision, or consider her affidavit.

¶ 10    The hearing on Ms. Terrell's motion to reconsider and clarify was scheduled for January 18, 2022. According to an order entered by the court on that date, Ms. Terrell did not appear at the hearing, and the circuit court denied her motion.

¶ 11    On March 8, 2022, Ms. Terrell filed a document labeled "reply to plaintiff's response to defendant's motion for reconsideration and clarification on the ruling on defendant's motion to strike and dismiss plaintiff's complaint."

¶ 12    She also filed on that same day an identity theft affidavit, pursuant to Illinois Supreme Court Rule 280.5, in which she stated that "[s]omeone stole [her] identity and used [her] identity to create the debt." She further stated that, also pursuant to the rule, she sent an additional "Attorney General Identity Theft Affidavit" to Midland along with additional "required documentation."

¶ 13    A court order dated June 23, 2022, indicates that Ms. Terrell was present via Zoom. At that hearing, the court set a trial date of September 20, 2022, at 9:30 a.m. The trial was also to be held over Zoom.

¶ 14    On September 2, 2022, Ms. Terrell filed a new motion to strike and dismiss. In it, Ms.

3

Terrell alleged that she had received a packet of "new evidence" from Midland's attorneys that included the original credit contract agreement. Ms. Terrell argued Midland violated that agreement by pursuing an action against her in the circuit court rather than seeking arbitration— which she argued the contract required.

¶ 15     One of the attachments to that motion is labeled "Credit Card Account Agreement I. Arbitration Provision." It states in part: "Starting an Arbitration: Arbitration may be elected by any party with respect to any Claim, even if that party has already initiated a lawsuit with respect to a different Claim. Arbitration is started by giving a written demand for arbitration to the other party."

¶ 16     On September 19, 2022, the circuit court denied Ms. Terrell's motion to dismiss and issued an order confirming that the trial date previously set for the next day at 9:30 a.m. would stand.

¶ 17     In an order entered on September 20, 2022, the circuit court stated that Ms. Terrell did not appear for the trial. The court entered a judgment, indicating it conducted a trial, in favor of Midland and against Ms. Terrell for $6,235.87, plus court costs in the amount of $440.51.

¶ 18     On November 9, 2022, Ms. Terrell filed a petition "to vacate ex-parte court order and judgment" under section 2-1401 of the Code. In that motion, Ms. Terrell traced the procedural history of the case. She reiterated her earlier arguments that Midland had failed to provide a copy of the contract, show an injury, give notice of her right to cure default, and had violated the arbitration agreement. She additionally alleged that the circuit court deprived her of her "statutory right, to assert an answer or affirmative defense[]." She alleged that she had submitted the identity theft affidavit and that neither the court nor Midland had responded to it. She also alleged that Midland "never sent over the notice(s) that was entered on September 20, 2022."

¶ 19     In an affidavit attached to her section 2-1401 petition, Ms. Terrell again averred that she did not have problems with her mail, had not received notice from either Midland or the circuit

court about its judgment, did not receive anything regarding her Rule 280.5 affidavit, and had no notice about her "right to arbitrate." She also attached her earlier motion to strike and dismiss, and the same documents related to arbitration as in her earlier motion.

¶ 20    On December 14, 2022, the circuit court denied Ms. Terrell's petition, noting in its order that it conducted a full hearing and argument. This appeal followed.

¶ 21                                    II. JURISDICTION

¶ 22    The circuit court denied Ms. Terrell's section 2-1401 petition on December 14, 2022. Ms. Terrell filed a notice of appeal on December 15, 2022. This court has jurisdiction over the appeal pursuant to Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017), governing appeals from final judgments entered by the circuit court in civil cases.

¶ 23                                    III. ANALYSIS

¶ 24    Section 2-1401 of the Code provides a statutory procedure by which final orders, judgments, and decrees may be vacated after 30 days from the entry thereof. 735 ILCS 5/2-1401(a) (West 2020); *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220 (1986). To succeed on her section 2-1401 petition, Ms. Terrell must show (1) a meritorious defense, (2) due diligence in presenting the defense to the circuit court in the original action, and (3) due diligence in filing the section 2-1401 petition for relief. *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 496 (1998). If the petition is based on a facial legal challenge to the underlying ruling, a "rare" form of a section 2-1401 petition (*Aurora Loan Services, LLC v. Pajor*, 2012 IL App (2d) 110899, ¶ 15), then the petitioner is not required to show diligence (*id.* ¶ 1). However, if the petition is based on asserting new factual evidence, then it must be supported by affidavit or other appropriate showing as to matters not of record. 735 ILCS 5/2-1401(b) (West2020).

¶ 25    Section 2-1401 does not afford a litigant a remedy whereby the litigant may be relieved of

the consequences of his or her own mistake or negligence. *Smith*, 114 Ill. 2d at 222. Instead, a party relying on section 2-1401 must show "that through no fault or negligence of [her] own, the error of fact or the existence of a valid defense was not made to appear to the trial court," and the "failure to defend against the lawsuit was the result of an excusable mistake and that under the circumstances [s]he acted reasonably, and not negligently, when [s]he failed to initially resist the judgment." (Internal quotation marks omitted.) *Id.* Moreover, a section 2-1401 petition "is not intended to provide for review of an order from which a party could have taken a timely appeal, and such a petition is not to be invoked as a substitute for a party's right to appeal." *Universal Outdoor, Inc. v. City of Des Plaines*, 236 Ill. App. 3d 75, 80-81 (1992).

¶ 26    Recent decisions of our supreme court have clarified that a section 2-1401 petition may provide a legal rather than an equitable remedy, where it raises strictly legal issues. See *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 47 ("Equitable considerations are inapplicable when a section 2-1401 petition raises a purely legal issue because that type of petition will not involve a factual dispute."). However, courts have continued to understand that this is a collateral attack that cannot be used as a substitute for an appeal. See *McGinley Partners, LLC v. Royalty Properties, LLC*, 2018 IL App (1st) 172976, ¶ 34 ("Relief under section 2-1401 is available only to those who diligently pursue their legal defenses and remedies in court, not to those who disregard these procedures on the gamble that better results can be obtained through other procedures or at a cheaper cost" (citing *Smith*, 114 Ill. 2d at 224)).

¶ 27    Ms. Terrell's section 2-1401 petition is mostly an attempt to raise the same arguments that she made throughout the case and that she should have raised on a direct appeal. Her other arguments are refuted by the record or forfeited by her failure to pursue them in the circuit court. There is nothing in her petition or in her affidavit that represents a valid defense that she was,

6

through no fault of her own, unable to present to the circuit court. We will address each of her arguments in turn.

¶ 28    Ms. Terrell's first argument is that the circuit court did not let her answer the complaint or present a defense. However, this allegation is refuted by the record. While it does not appear that Ms. Terrell ever filed a formal answer to the complaint, a trial was set where Ms. Terrell clearly could have presented any defense beyond those she had already presented in her motions.

¶ 29    On June 23, 2022, a date when the court's order indicates that Ms. Terrell was present on the Zoom hearing, the court set the trial for September 20, 2022, on Zoom at 9:30 a.m. On September 19, 2022, another date that the court order indicates that Ms. Terrell was present, the court denied Ms. Terrell's motion to dismiss and noted that the September 20, 2022, trial date would stand. Thus, Ms. Terrell had ample notice of the trial date.

¶ 30    The trial was held on September 20, 2022, and Ms. Terrell was not present. When a party fails to appear at the trial but has filed a previous answer and appearance, the court is permitted to proceed in the party's absence *ex parte*. *City of Joliet v. Szayna*, 2016 IL App (3d) 150092, ¶ 47 (citing *In re Marriage of Drewitch*, 263 Ill. App. 3d 1088, 1094 (1994)). The circuit court therefore did not deny Ms. Terrell her right to present a defense but proceeded as precedent allows.

¶ 31    Ms. Terrell suggests at one point in her brief that she could not log into Zoom on September 20, 2022, the date of the trial. But this is not alleged anywhere in her section 2-1401 petition. If she had made such an allegation, the circuit court, which held a hearing on this section 2-1401 petition, could have determined if it was true. It appears from the record that Ms. Terrell was able to log into Zoom on other court dates. More importantly, "[i]t is well established that matters not presented to or ruled upon by the trial court may not be raised for the first time on appeal." *Smith*, 114 Ill. 2d at 229. Because Ms. Terrell did not give Midland or the circuit court an opportunity to

address this alleged claim that there was a problem with her logging into Zoom, we cannot consider it now.

¶ 32    Ms. Terrell next argues that the circuit court committed reversible error in ignoring the arbitration agreement. This is not a proper claim to bring in a section 2-1401 petition since it should have been raised on a direct appeal from the underlying judgment. But in any event, the contract did not require Midland to bring its claim in arbitration.

¶ 33    The arbitration provision that Ms. Terrell relies on states as follows: "Arbitration may be elected by any party with respect to any Claim, even if that party has already initiated a lawsuit with respect to a different Claim. Arbitration is started by giving a written demand for arbitration to the other party."

¶ 34    Midland was not required to arbitrate. Rather, as the contract stipulates, it could elect to do so. Ms. Terrell did not herself ever elect to arbitrate by filing a written demand. Instead, she claimed that Midland was required to file such a demand when it clearly was not. Because the contract allows a party to pursue claims in court, exactly as Midland did, there was no reason for the circuit court to grant Ms. Terrell's motion to dismiss or find merit in her section 2-1401 petition on the basis of the arbitration clause.

¶ 35    Ms. Terrell next argues that the circuit court failed to hold an evidentiary hearing on her section 2-1401 petition and that her petition should have been granted because she submitted an affidavit and Midland did not. However, an evidentiary hearing is only necessary on a section 2-1401 petition where a petitioner puts forward facts that are not of record that are then challenged by the respondent with "contradictory counter-affidavits." *O'Malley v. Powell*, 202 Ill. App. 3d 529, 533 (1990). Ms. Terrell did not put forward new facts in her petition that were not of record that would, if true, have shown a meritorious defense under section 2-1401. Her attached affidavit

avers only to a lack of notice, her desire to arbitrate, and her ability to receive notice through the mail. Each of these facts was already part of the record, was presented to and considered by the circuit court, and—as we address above—was without merit. Midland therefore had no need to produce a counter-affidavit that could then have led to an evidentiary hearing.

¶ 36    Ms. Terrell's final argument is a reference to her affidavit under Illinois Supreme Court Rule 280.5 (eff. Oct. 1, 2018), alleging that her identity was stolen. The rule requires that the circuit court dismiss a credit collection action if a defendant asserts that she is the victim of identity theft so long as four requirements are met: (1) the defendant fills out and serves an "Identity Theft Affidavit" form approved by the Illinois Attorney General on the plaintiff; (2) the defendant serves a separate "Identity Theft Affidavit" form approved by the supreme court on the plaintiff; (3) the defendant files the latter form with the court; and (4) the plaintiff does not respond within 90 days of service with a counter-affidavit. *Id.*

¶ 37    The Illinois Bar Journal describes Rule 280.5 as an effort to place both parties in a collection action "on equal footing" and to help "*pro se* litigants." Rhys Saunders, *Leveling the Playing Field*, 106 Ill. B.J. 15 (2018). It acts as an important protection by requiring the litigants to "put their positions on the record." *Id.*

¶ 38    This protection, however, is not meant to act as an end-run around the normal requirements of Illinois civil procedure. Litigants must still press their claims and ensure that the circuit court acts upon each filing. See *Intercontinental Parts, Inc. v. Caterpillar, Inc.*, 260 Ill. App. 3d 1085, 1090 (1994) ("[A] party who has filed a motion seeking certain relief from the court is obligated to obtain a ruling on that motion."). Ms. Terrell did not do this. Instead, she filed her Rule 280.5 affidavit together with a "reply" to a motion that the court had already ruled on. She later filed a separate motion that did not mention her affidavit. After Ms. Terrell had filed her identity theft

affidavit, but before trial, the circuit court held two hearings, one on June 23, 2022, and the other on September 19, 2022. Ms. Terrell was present at both hearings and had the opportunity to press her claim and urge the circuit court to rule on the issue. But nothing in the record indicates that she did so. Moreover, the record does not demonstrate that Ms. Terrell had met all the requirements that the rule imposes on a defendant in a credit card collection suit. The rule requires the defendant to serve on the plaintiff "An Identity Theft Affidavit in accordance with the form approved by the Illinois Attorney General." This form would have required significant documentation of this alleged identity theft that is nowhere in the record or in Ms. Terrell's section 2-1401 petition or affidavit.

¶ 39    If Ms. Terrell did have a valid defense under Rule 280.5 that had been presented to and rejected by the circuit court, she would have had to bring that on a direct appeal. Her failure to ever present it, either to the circuit court or on a direct appeal, does not provide a basis for her to bring it in a section 2-1401 collateral attack. In short, Ms. Terrell's reference to her Rule 280.5 affidavit provides no basis on which we would vacate the judgment.

¶ 40    Ms. Terrell also begins her brief on appeal by describing a data breach by Equifax, a company that she describes as playing a "central role in the modern American economy." Without allegations connecting this data breach to Midland's actions, we are unable to see any connection between the breach and Ms. Terrell's appeal or any way to address her concerns.

¶ 41                                    IV. CONCLUSION

¶ 42    For the foregoing reasons, we affirm.

¶ 43    Affirmed.