KEVIN P. MORREY, Plaintiff-Appellant, v. KINETIC SERVICES, INC., Defendant-Appellee.

First District (2nd Division)   No. 84—1598

Opinion filed May 21, 1985.—Rehearing denied June 26, 1985.

Alexander P. White, of Chicago, for appellant.

Paul G. Fargo, of Wilmette, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff filed a suit in chancery for specific performance, damages and other relief, based on defendant's breach of an alleged employment contract. Leave was given to incorporate the agreement dated October 28, 1981, and an alleged amendment dated May 5, 1982, as exhibits. The complaint, as amended, remained the basis for plaintiff's action.

Defendant filed a motion to strike and dismiss plaintiff's complaint, motion for judgment on the pleadings, motion for summary judgment and a motion to transfer the case from chancery to the law division. Defendant also filed an answer and affirmative defenses, which were later withdrawn prior to ruling on defendant's motions.

On February 7, 1984, an order was entered which stated in part:

"WHEREFORE:

(1) Defendant's motion to strike and dismiss plaintiff's complaint as amended is denied;

(2) Defendant's motion for judgment on the pleadings is not ripe for consideration and is, therefore, denied;

(3) Defendant's motion to transfer the case from Chancery court is denied;

(4) Plaintiff is granted leave to amend his pleadings within thirty days from the date of this order."

Having upheld the plaintiff's complaint, it was obviously not necessary to grant the plaintiff leave to amend his pleadings. Therefore the court, on its own motion, entered an order on February 9, 1984, striking subparagraph (4) from the order of February 7, 1984. The motion for summary judgment was not mentioned in the February 7 or February 9 orders.

Defendant promptly filed a motion to reconsider; its second motion to strike and dismiss; a motion for summary judgment with supporting affidavits; and a motion for judgment on the pleadings. Simultaneously, defendant filed a verified answer with affirmative defenses. Plaintiff filed counteraffidavits in opposition to defendant's

motion for summary judgment.

On May 31, 1984, an order was entered, from which plaintiff appeals, which states:

"This matter came to be heard on motions of defendant to Reconsider the Order of February 7, 1984, to Strike Plaintiff's Complaint, for Summary Judgment, Judgment on the Pleadings and Plaintiff's Responses thereto. * * *

Defendant alleges that there are several discrepancies in the order of February 7, 1984, requiring its reconsideration. Unfortunately there are *typographical and other errors* in the order justifying its reconsideration. * * *

* * *

WHEREFORE,

(1) Defendant's Motion for Reconsideration is granted in the following respects:

(a) Defendant's motion to strike and dismiss plaintiff's complaint is granted nunc pro tunc February 7, 1984;

(b) The court's order of February 9, 1984 is quashed, set aside and held for naught;

* * *

(2) Defendant's Motion for Summary Judgment is granted;

(3) This order is final and appealable." (Emphasis added.)

Apparently, in attempting to clarify discrepancies, "typographical and other errors" in a prior order, the latest order may have created new discrepancies. Since the defendant's motion to strike and dismiss plaintiff's complaint was granted *nunc pro tunc* February 7, 1984, there obviously would be no need to consider the motion for summary judgment. When the court granted defendant's motion for summary judgment in the very same order, can we presume that the court intended to deny defendant's motion to dismiss the complaint? Was this another "typographical and other error?" Adding to the confusion was the fact that a verified answer and affirmative defenses were filed by the defendant. Did this action waive defendant's motion to dismiss plaintiff's complaint?

■ ■ A motion to dismiss tests the sufficiency of pleadings, whereas a motion for summary judgment seeks to determine whether there are any material issues of fact to be tried. In *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605, the court held:

"To combine an inquiry into whether a pleading is sufficient to state a cause of action with an examination which almost necessarily assumes that a cause of action has been stated

and proceeds to determine whether there are any material issues of fact to be tried is likely to confuse both the parties and the court. If this sort of procedure were sanctioned, it would be left to the reviewing courts to sort matters out and to remand with directions to allow leave to amend the complaint, to require plaintiff to file counteraffidavits, or to provide other appropriate instructions. We therefore expressly disapprove the procedure followed in the trial court. The defendants in this case should have first challenged the legal sufficiency of the complaint. When, and only when, a legally sufficient cause of action had been stated should the court have entertained the motions for summary judgment and considered the affidavits filed in support thereof." (57 Ill. 2d 398, 406, 312 N.E.2d 605.)

In *Premier Electrical Construction Co. v. La Salle National Bank* (1983), 115 Ill. App. 3d 638, 450 N.E.2d 1360, the court held that "[t]o combine a motion to dismiss with a motion for summary judgment is a procedure not to be sanctioned." 115 Ill. App. 3d 638, 642, 450 N.E.2d 1360.

Reviewing courts are not under a duty to search the record to determine the real issues nor to seek material for disposition of such issues. (*47th & State Currency Exchange, Inc. v. B. Coleman Corp.* (1977), 56 Ill. App. 3d 229, 232, 371 N.E.2d 294, *appeal denied* (1978), 71 Ill. 2d 598.) After a shirt or blouse is incorrectly buttoned, the solution is to unbutton it completely and start all over. Reviewing courts should not have to speculate on what matters were before the trial court, what was considered, and why it was considered. It is best for the record to be put in proper order.

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

PERLIN and HARTMAN, JJ., concur.