JOSEPH A. ROMITO, Plaintiff-Appellant, v. DOROTHY WILLIAMSON, Defendant (Carol Williamson, Defendant-Appellee).

First District (2nd Division)   No. 1—88—0554

Opinion filed February 14, 1989.

Joseph A. Romito, of Leahy & Eisenberg, Ltd., of Chicago, appellant *pro se.*

Paul E. Karlstrom, of Champaign, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff, Joseph A. Romito, an attorney in Chicago, Illinois, brought this action in the circuit court of Cook County. His verified complaint alleges that Dorothy Williamson retained him to perform certain legal services; that he performed said services; and that Dorothy failed and refused to pay his fees and costs of $2,660.49. Therefore, plaintiff prays that judgment be entered against Dorothy on the theory of breach of contract.

The remaining counts of plaintiff's verified complaint allege that defendant Carol Williamson knew of the professional relationship between plaintiff and Dorothy and through "fraud, misrepresentation, intimidation, and without justification induced" Dorothy not to pay said fees and costs to plaintiff. Under various legal theories alleged in counts II through VII, plaintiff seeks substantial compensatory and punitive damages against Carol.

The complaint was filed on July 6, 1987, and summons issued the same day with directions to serve a copy of the complaint and summons on each defendant in Champaign County, Illinois. On August 21, 1987, plaintiff filed a "Special Motion for Default Judgment" in which he represented that on July 13, 1987, process was duly served upon both defendants by the sheriff of Champaign County; that the 30-day period for defendants to answer or otherwise plead expired on August 12, 1987; and that as of August 13, 1987, neither defendant filed a responsive pleading "as required by law." This motion was not verified but was signed by plaintiff in his individual capacity as a party and as his own attorney.

Based upon plaintiff's representations, on August 24, 1987, a default judgment in the sum of $2,660.49 was entered against Dorothy. The complaint was taken as confessed against Carol and the matter

was transferred to another courtroom for prove up of compensatory and punitive damages against Carol (in accordance with Cook County procedure).

On August 27, 1987, a notice of entry of the default judgment was mailed to the attorney for the defendants in Champaign County. Thereafter, a series of apparently acrimonious telephone conversations, letters, petitions and motion followed. It is not necessary to unduly lengthen this opinion by reciting the details. It is sufficient to state that defendants' section 2—1401 petition to vacate the default judgments eventually came before Judge Dean Sodaro on January 13, 1988. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401.) After finding that the case had been rushed to judgment and that the equities were with the defendants, he vacated the default judgments and gave defendants leave to reinstate their special and limited appearance and motion to transfer venue. Plaintiff appeals.

Of critical importance to this opinion is the fact that plaintiff's August 21, 1987, motion for a default judgment was not accurate. It represents that as of August 13, 1987, neither defendant filed a responsive pleading. The record clearly shows that on August 11, 1987, at 2:57 p.m., both defendants filed a special and limited appearance and a motion to transfer venue to Champaign County. In addition, the record shows that notice of the filing of these documents was filed on August 14, 1987, at 12:40 p.m. The affidavit states that the special appearance and motion to transfer filed on August 11, 1987, were mailed to plaintiff from Champaign, Illinois, on August 12, 1987.

The initial trial court default judgment entered on August 24, 1987, was based on plaintiff's representation that defendants did not file a timely responsive pleading. It is uncontradicted that this representation was not correct. If the trial court was aware of the fact that a timely responsive pleading had, in fact, been filed, the default judgment would not have been entered.

■ When this obvious injustice was called to the attention of Judge Sodaro, he correctly vacated the default and reinstated the defendants' special and limited appearance and motion to transfer venue.

It is not within the province of this opinion to determine what caused the trial court to enter an obviously incorrect judgment. Plaintiff's motion for default was filed August 21, 1987. This was 10 days after the responsive pleading was actually filed (August 11, 1987), and seven days after defendants filed a notice that the responsive pleading was filed (on August 14, 1987). It appears that there may be a reasonable basis for plaintiff to be aware that defendants had indeed

timely filed if the court records were diligently checked either before the August 21, 1987, motion or before the actual entry of the judgment on August 24, 1987, when the official file should have been before the trial court.

The default judgment of August 24, 1987, recited that the court was "fully advised in the premises." The fact is that it was not so advised.

■■ Plaintiff insists that the default judgment must stand because defendants were not diligent in filing their petition to vacate. What plaintiff overlooks is the fact that defendants were more than diligent; they were not in default from the outset. If there is any lack of diligence, it is on the part of the plaintiff, who in his haste to judgment did not exercise sufficient diligence between August 11, 1987, and August 24, 1987, to discover that the defendants had indeed filed a timely responsive pleading and, therefore, his motion for default judgment was out of order.

■■ In the interest of justice and fairness, where a default judgment is entered under unfair or unjust circumstances, the judgment will be vacated. (*Marks v. Gordon Burke Steel Co.* (1973), 14 Ill. App. 3d 191, 193, 301 N.E.2d 835.) As this court stated in *Morrey v. Kinetic Services, Inc.* (1985), 133 Ill. App. 3d 1002, 479 N.E.2d 953, *appeal denied* (1985), 108 Ill. 2d 571, "[a]fter a shirt or blouse is incorrectly buttoned, the solution is to unbutton it completely and start all over." (133 Ill. App. 3d at 1005.) Since the default judgment should not have been granted in the first instance, we are placing the case where it was before the erroneous entry of the default judgment.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

EGAN, P.J., and SCARIANO, J., concur.