SUSAN YATES, Plaintiff-Appellee, v. BARNABY'S OF NORTHBROOK, a/k/a Barnaby's Family Inn, a/k/a Bally's Tomfoolery, Inc., Defendant-Appellant.

First District (1st Division)    No. 1—89—2449

Opinion filed July 29, 1991.

Condon, Cook & Roche, of Chicago (Francis J. Leyhane III and Mary Rose C. Manczak, of counsel), for appellant.

Cantwell & Cantwell, of Chicago (Peter A. Cantwell, Stephen F. Boulton, and Peter A. Gaido, of counsel), for appellee.

JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff's personal injury action was dismissed on April 8, 1988, on defendant's motion for sanctions when plaintiff failed to comply with discovery. (107 Ill. 2d R. 219(c).) Defendant now appeals from entry of the trial court's order granting plaintiff's amended section 2—1401 petition (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401) to vacate the dismissal. Defendant contends that the trial court abused its discre-

tion because plaintiff's petition was unsupported by competent affidavits and failed to demonstrate due diligence.

In February 1987, plaintiff filed a lawsuit against defendant alleging personal injuries when she slipped and fell in defendant's restaurant. In April 1987, defendant filed interrogatories and a request for production. In October 1987, defendant filed a motion for sanctions because plaintiff had failed to respond to discovery requests. In March 1988, plaintiff's original attorney was granted leave to withdraw as plaintiff's counsel and substitute counsel appeared. Defendant's motion for sanctions was entertained *ex parte* in April 1988 and the court entered a dismissal with prejudice.

In July 1988, plaintiff filed a petition to vacate the dismissal pursuant to section 2—1401 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401.) Defendant then moved to dismiss the petition and the attached affidavits. These motions were continued from time to time, and in March 1989 an order was entered striking plaintiff's petition and all three supporting affidavits. Plaintiff filed an amended petition on March 31, 1989. In response, defendant again filed a motion to strike the affidavits attached to the amended petition. At the hearing on August 8, 1989, the affidavits attached to plaintiff's amended petition were stricken, but the trial court reinstated plaintiff's case despite finding negligence and a lack of diligence on plaintiff's part in prosecution of her claim. Defendant appeals from entry of that portion of the order reinstating plaintiff's case.

In prosecution of this appeal, defendant also moves to strike plaintiff's statement of facts, contending that this portion of plaintiff's responsive brief is replete with argumentative assertions that are not relevant to the appeal. No response was filed to this motion, and we took this motion with the case. While we agree that plaintiff's recitation of the facts includes matters not before this court, rather than strike the entire section we deny defendant's motion but shall ignore those matters factual or otherwise not on appeal here.

■■ ■ Defendant claims that the trial court abused its discretion in allowing plaintiff's petition to vacate once the supporting affidavits were stricken. Section 2—1401 of the Illinois Code of Civil Procedure provides for relief from judgments and "must be supported by affidavit or other appropriate showing as to matters not of record." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401(b).) Our review of plaintiff's amended petition to vacate indicates that it is based totally on circumstances which occurred outside the record: lack of cooperation between original and substitute counsel for plaintiff, confusion regard-

ing the hearing on defendant's motion for sanctions and failure of plaintiff's substitute counsel to locate and review the court file before learning of the dismissal. Although this information is not competent evidence without the supporting affidavits of the individuals involved, letters written by substitute counsel to plaintiff's original counsel were also attached as exhibits of plaintiff's petition to vacate. They set forth circumstances sufficient to support plaintiff's petition to vacate the dismissal without the affidavits. These letters indicate the lack of cooperation between plaintiff's original and substitute counsel.

Although the trial court specifically found negligence and a lack of diligence on the part of plaintiff's original and substitute counsel in prosecuting plaintiff's claim, justice and fairness may require that the judgment be vacated even though the due diligence requirement has not been met. (*Resto v. Walker* (1978), 66 Ill. App. 3d 733, 740, 383 N.E.2d 1361.) In this case, we agree with the trial court that fairness mandates vacation of the dismissal order.

Affirmed.

CAMPBELL, J., concurs.

PRESIDING JUSTICE MANNING, dissenting:

I must respectfully dissent. Although I agree that under certain circumstances, the fairness doctrine may be the significant basis for vacating an order pursuant to section 2—1401, I do not believe that the factual matrix here presented mandates such a result. Fairness is a fundamental doctrine that often mandates relaxation of rules and principles of law. However, because one is unhappy with a particular result or is otherwise sympathetic to a losing litigant do not operate as improper reasons for granting section 2—1401 relief. The grant of such relief is addressed to the trial court's discretion. The trial court is allowed to correct errors or review the orders in light of new information received, that had such information been available the ruling would have been different. There are very specific requirements, *i.e.*, "[t]he petition [for section 2—1401 relief] must be supported by affidavit or other appropriate showing as to matters not of record." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401(b).) Here, defendant claims that the trial court abused its discretion in allowing plaintiff's petition to vacate once the supporting affidavits were stricken. I agree that reinstatement of plaintiff's claim was improper for the following reasons. Section 2—1401 of the Illinois Code of Civil Procedure provides for relief from judgments and "must be supported by affidavit or other

appropriate showing as to matters not of record." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401(b).) My review of plaintiff's amended petition to vacate indicates that it is based totally on circumstances purportedly within the specific knowledge of person(s) involved which occurred outside the pleadings: lack of cooperation between original and substitute counsel for plaintiff, confusion regarding the hearing on defendant's motion for sanctions, and failure of plaintiff's substitute counsel to locate and review the court file before learning of the dismissal. I believe this information is incompetent evidence without the supporting affidavits of the individuals involved, thus leaving the petition alone incomplete and insufficient. Letters written by substitute counsel to plaintiff's original counsel attached as exhibits to plaintiff's petition to vacate also fail to set forth circumstances to support plaintiff's petition sufficient to vacate the dismissal without the affidavits. I further note that plaintiff has not cross-appealed the trial court's order striking the affidavits. Thus, I believe the only alternative is to reverse the trial court's order granting plaintiff's amended petition to vacate the dismissal. Once the trial court entered the order striking the affidavits, there were insufficient facts before the trial court in support of the section 2—1401 petition.

Moreover, I also note that the trial court specifically found negligence and a lack of diligence on the part of plaintiff's original and substitute counsel in prosecuting plaintiff's claim and such a finding warrants denial of plaintiff's petition to vacate with or without supporting affidavits. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 499 N.E.2d 1381.) A petitioner must assert specific facts supporting the existence of due diligence in prosecution of his or her claim and in bringing the petition to vacate. A party may not simply assume that his or her attorney is doing everything necessary in conduct of litigation. (*Welfelt v. Schultz Transit Co.* (1986), 144 Ill. App. 3d 767, 494 N.E.2d 699.) Nor does section 2—1401 operate to relieve a litigant of the consequences of an attorney's neglect in the matter. *Kaput v. Hoey* (1988), 124 Ill. 2d 370, 530 N.E.2d 230.

Accordingly, I respectfully dissent and would reverse the judgment of the circuit court.