DAVID KALAN, Indiv. and as Ex'r of the Estate of Sherry S. Kalan, Plaintiff-Appellee, v. HAROLD PALAST *et al.*, Defendants-Appellants.

First District (1st Division)   No. 1—89—3469

Opinion filed September 30, 1991.

McKenna, Storer, Rowe, White & Farrug, of Chicago (James P. DeNardo and Christine L. Olson, of counsel), for appellants.

Corboy & Demetrio, P.C., of Chicago (Philip H. Corboy, Todd A. Smith, and David A. Novoselsky, of counsel), for appellee.

PRESIDING JUSTICE MANNING delivered the opinion of the court:

On July 5, 1985, plaintiff's wife, while driving her car, was involved in an automobile accident in Northbrook, Illinois, with another car driven by Harold A. Palast and owned by defendant Advertising Survey and Circulation. The car driven by Palast crossed over the center line and collided head-on with the car driven by plaintiff's wife, subsequently causing her death.

Plaintiff retained Charles Biggam, Jr., of the law firm of Biggam, Cowan, Marquardt and Lunding to represent him in the wrongful death action against Harold Palast and his employer, Advertising Survey and Circulation Corporation. On April 12, 1986, Biggam filed a lawsuit on behalf of the plaintiff. On June 19, 1986, defendants filed their answer, generally denying all allegations. The parties began discovery, and the court entered several orders thereafter.

On September 26, 1986, the court entered an order directing plaintiff to comply with defendants' discovery request within 28 days from the date of the October 24, 1986, order. Defendants' counsel sent plaintiff a letter on February 6, 1987, requesting compliance with this order. Defendants' counsel filed a motion for sanctions and served plaintiff with a copy of that motion. The motion was heard on June 26, 1987.

Plaintiff was again ordered to comply with outstanding discovery by July 24, 1987, and ordered to give his deposition testimony by August 27, 1987. A copy of that order was mailed to plaintiff.

The plaintiff's law firm had a docketing system to maintain entries of these orders. The firm also had an informal procedure in place for the periodic review of active files.

On September 23, 1987, defendants served plaintiff with their notice of motion to dismiss based on plaintiff's failure to comply with the court's orders of September 26, 1986, and June 26, 1987. The motion was heard on December 2, 1987, but no one from plaintiff's firm appeared at the hearing on the motion. The trial court granted defendants' motion and entered the dismissal with prejudice and also stated in the order it would entertain a motion to vacate the dismissal if plaintiff complied with all outstanding discovery by January 4, 1988. Plaintiff was served with a copy of this notice, but did not comply with outstanding discovery by January 4, 1988.

On May 15, 1989, plaintiff retained the law firm of Corboy and Demetrio to replace attorney Biggam. On June 8, 1989, counsel for Corboy and Demetrio appeared on behalf of plaintiff to present to the court their "Petition for Relief From Order of Dismissal," pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). The firm also filed a supplemental petition in support of the petition for relief.

The supplemental petition set forth the facts leading to the lawsuit, and further outlined that plaintiff's first attorney suffered from alcoholism and that this fact affected his ability to prosecute plaintiff's case. Specifically, in 1984 attorney Biggam received treatment for his alcohol problems through the Lawyers' Assistance Program. While undergoing treatment he refrained from abusing alcohol for nine months. Two weeks after plaintiff retained Biggam to represent him he resumed drinking.

In March of 1986, Biggam was admitted to Hazelden Alcoholic Treatment Center in Center City, Minnesota, where he underwent treatment for several months. Biggam resumed his practice of law in April 1986. In October 1986 he began weekly sessions with a psychiatrist.

Biggam provided his own affidavit in this action in which he stated in part:

"10. As a direct result of my alcoholism, my mental facilities [sic] became impaired and my mind unsound to the extent that I was irresponsible and mentally incapacitated and unable to re-

alize the status of David G. Kalan's case, its corresponding discovery schedule, or its progress on the motion call.

11. Due to my impaired mental faculties and unsound mind, I did not complete my legal duties with respect to David G. Kalan's case, including the duty to comply with discovery requests and appear at corresponding motions.

12. On December 2, 1987, David G. Kalan's lawsuit was dismissed with prejudice. I failed to appear for the hearing. My failure to appear was due to my impaired faculties and inability to fully appreciate my legal duties with respect to the Kalan lawsuit.

13. I did not appear at this court's dismissal hearing and, specifically on that day, I was giving a deposition in the ARDC [Attorney Registration and Disciplinary Commission] proceeding brought against me.

\* \* \*

15. David G. Kalan was unaware of my mental incapabilities or the dismissal of his lawsuit until May 11, 1989, when I informed him of both.

16. I, myself, did not become aware of the dismissal of the lawsuit until it was discovered by an associate of the firm on approximately May 4, 1989."

Plaintiff also attached his affidavit and a memorandum of law to the supplemental petition in which he advised the trial court:

"6. On many other occasions, I met with or spoke over the telephone with Charles Biggam concerning my case. I was always made to feel that the case was proceeding as scheduled.

7. On May 11, 1989, Charles Biggam, Jr., informed me for the first time that my lawsuit had been dismissed. He did not tell me when my lawsuit was dismissed.

8. On May 13, 1989, I contacted Corboy and Demetrio, P.C. in an effort to determine my legal remedies.

9. At no time did I realize Mr. Biggam had an alcohol problem or any other problem which prevented him from pursuing my lawsuit."

Two of the doctors that treated Biggam for his illness also provided diagnosis. Dr. Katie Busch opined:

"It is my opinion, to a reasonable degree of medical certainty, that although Mr. Biggam knew that what he was doing was wrong, but for the effect of his disease, Mr. Biggam would not have become involved in this particular conduct."

Dr. Sackett, opined that "with a high degree of professional certainty, Mr. Biggam's misconduct was the direct result of his chronic alcohol abuse."

Immediately after filing the petition and supporting documents, plaintiff's new counsel worked to comply with all outstanding discovery, beginning with filing his answers to defendants' interrogatories on June 21, 1989. Plaintiff also appeared for his deposition hearing scheduled July 7, 1989.

In response to plaintiff's section 2—1401 petition, defendants asserted that the petition should not be granted because Biggam's condition did not render him incapable of representing plaintiff and that the firm had an affirmative obligation to act with due diligence in following plaintiff's case.

The court held a hearing on the section 2—1401 petition. At that hearing, plaintiff's attorney admitted that Biggam had practiced law during the period plaintiff's lawsuit was pending. The attorney asserted that Biggam was incapable of practicing law, and that on the day that the dismissal order was entered, Biggam was giving his deposition in an ARDC proceeding against him.

After hearing the evidence on the section 2—1401 motion the court stated:

"I must concede that had I known of his lawyer's disability at the time[of the entry of the dismissal order] that in all probability I would not have entered the order.

\* \* \*

I am absolutely persuaded that law firms ought to act like firms.

\* \* \*

This is mockery of the Court system. In an effort to see that justice is done to the plaintiff here, I will vacate the order. That will be the order."

■ In order to be granted relief under section 2—1401, plaintiff must show a meritorious cause and the exercise of due diligence. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 499 N.E.2d 1381.) The purpose of section 2—1401 is to enable a party to bring facts to the trial court's attention which, if known by the court at the time it entered the final order or judgment, would have prevented the entry of the judgment or order. (*Gayton v. Levi* (1986), 146 Ill. App. 3d 142, 496 N.E.2d 1045.) Petitioner bears the burden of establishing a right to relief by a preponderance of the evidence. (*Morski & Associates, Inc. v. R & R Resources, Inc.* (1990), 198 Ill. App. 3d 359, 555 N.E.2d 1044.) The determination of whether or not to grant the petition lies

in the discretion of the trial court and will not be disturbed absent an abuse of that discretion. *O'Malley v. Powell* (1990), 202 Ill. App. 3d 529, 559 N.E.2d 981.

Defendants maintain that plaintiff failed to present a meritorious defense for his failure to follow the litigation and that the record does not support the trial court's finding that plaintiff suffered from a disability before the cause was dismissed. We disagree.

A section 2—1401 petition must set forth facts showing the existence of a meritorious defense and the exercise of due diligence on the part of plaintiff in presenting both a defense to the lawsuit and the petition to vacate. (*Bonanza International, Inc. v. Mar-Fil, Inc.* (1984), 128 Ill. App. 3d 714, 717, 471 N.E.2d 221.) Here, plaintiff and his attorney filed affidavits in support of the petition for relief under section 2—1401. Plaintiff's affidavit stated that he employed attorney Biggam to prosecute his lawsuit in July 1985. Between December 1987 and May 1989 he inquired into the status of his case with attorney Biggam, who assured him that the case was on schedule. Plaintiff specifically met with the attorney on March 28, 1988, and was advised that a pretrial hearing would possibly occur on April 28, 1988. No pretrial was held, and plaintiff met with Biggam on November 19, 1988, to ask about the delay. He was advised not to worry because nothing ever happens until the actual trial. On May 11, 1989, Biggam advised him that the case had been dismissed. On May 13, 1989, plaintiff retained alternate counsel. At no time was he aware that Biggam suffered from alcoholism.

Attorney Biggam's affidavit stated that as a direct result of his alcoholism he was impaired and unable to adequately handle plaintiff's cause. Specifically, he stated that he was incapable of complying with discovery requests and motions, and did not appear at plaintiff's dismissal hearing because he was attending an ARDC proceeding brought against him, giving his deposition. Further, he did not become aware that plaintiff's case had been dismissed until an associate brought it to his attention on May 4, 1989.

The record also includes letters from Drs. Sackett and Busch. Dr. Sackett performed an extensive longitudinal psychiatric evaluation of attorney Biggam from October 1986 through July 1987 and diagnosed Biggam to be suffering from alcoholism. Dr. Sackett opined that with a high degree of professional certainty, Biggam's misconduct was the direct result of his chronic alcohol abuse. Dr. Busch conducted a psychiatric examination on April 13, 1988. She also concluded that Biggam suffered from alcohol dependence.

After argument on the section 2—1401 motion, the court stated:

"[H]ad I known of his lawyer's disability at the time [I entered the motion to dismiss] that in all probability I would not have entered the order. There was no way I could have known about it because counsel, [*sic*] the movant, didn't know about it."

Although the court expressed concern that the attorney's firm should have been more diligent in handling the cause, it concluded that in an effort to see that justice was done the motion would be granted.

In *Campbell v. White* (1989), 187 Ill. App. 3d 492, 543 N.E.2d 607, *appeal denied* (1990), 129 Ill. 2d 561, 550 N.E.2d 553, a case decided on a section 2—1301(e) motion, the court held that substantial justice required that a default judgment be vacated. In that case, the plaintiff police officer sought to vacate a default judgment entered pursuant to section 2—1301(e). He had been represented in that cause by an attorney from the Attorney General's office who handled a Federal matter for the officer. While handling the Federal matter the attorney concurrently represented defendant in a State matter, in violation of the rules of the Attorney General's office. The attorney failed to file an appearance, an answer or request for extension of time in the State cause.

Defendant's affidavit stated that he received interrogatories from his attorney regarding the Federal matter, but never had any communication with him regarding the State matter. He made several calls to the attorney's office, but his calls were never returned. Defendant and the attorney provided affidavits in support of his motion for relief. The attorney's affidavit stated that the chief reason for his lack of diligence in pursuing the cause was his ongoing problem with alcohol.

Although the court found that the attorney was negligent, and thus imputed the negligence to petitioner, it vacated the judgment based on defendant's reasonable reliance on the attorney's representation that he would handle the matter. The court also noted that the petitioner acted immediately upon receiving notice of the default judgment.

While the *Campbell* case was decided on a section 2—1301(e) motion, it presents facts similar to this case. The attorney in his affidavit stated that the chief reason for his neglect of the case was due to his alcohol problem, petitioner had little communication with him after making an effort to do so, and upon learning that a default order had been entered, defendant acted immediately.

Here, Biggam stated in his affidavit that the reason for his failure to follow the case was due to his problem with alcohol. Further, he assured plaintiff that the case was going as scheduled. Plaintiff made

all reasonable effort to follow the litigation and upon finding that his cause had been dismissed acted within three days to retain new counsel.

The illness of an attorney is always a persuasive excuse for his failure to comply with a court requirement. (*Kaufman v. Kaufman* (1974), 22 Ill. App. 3d 1045, 318 N.E.2d 282.) The facts here show that plaintiff's attorney was suffering from alcoholism during the time that defendant's case was before the court. Under these conditions, we find that the trial court did not abuse its discretion in vacating the default judgment.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAMPBELL and O'CONNOR, JJ., concur.