HARRY COHEN, d/b/a Bell Iron and Metal Company, Plaintiff-Appellant, v. WOOD BROTHERS STEEL STAMPING COMPANY, Defendant-Appellee.

First District (5th Division)  No. 1—90—3141

Opinion filed December 27, 1991.—Rehearing denied April 22, 1992.

Cherry & Flynn, of Chicago (Myron M. Cherry, Peter Flynn, Jeffrey M. Wagner, and Peter C. Vilmos, of counsel), for appellant.

Sally Clark and Jay R. Kraning, both of Whitted & Kraning, of Chicago, for appellee.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Harry Cohen, doing business as Bell Iron & Metal Company, appeals from the denial of his petition pursuant to section 2—1401 of the Code of Civil Procedure which sought to vacate a prior order dismissing his case. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401.) We reverse the decision of the trial court.

On July 3, 1986, plaintiff filed a complaint alleging defendant's breach of a contract for the sale of goods. On March 17, 1987, the trial court granted defendant's motion for summary judgment and denied plaintiff's motion for reconsideration. On September 30, 1988, this court reversed the trial court's decision and remanded for further proceedings. In its decision, the appellate court held that a valid contract existed between the parties. (*Cohen v. Wood Brothers Steel Stamping Co.* (1988), 175 Ill. App. 3d 511, 529 N.E.2d 1068.) Upon remand plaintiff filed a motion for summary judgment, and on June 7, 1989, the trial court granted plaintiff's motion as to all issues except the amount of plaintiff's damages, and set the case for August 3 for status of discovery. On August 3, 1989, the court extended Cohen's time to respond to discovery requests until August 24, and set a hearing on the damage issue for October 12, 1989. On September 22, 1989, defendant filed an updated discovery request narrowing its re-

quest to only three documents. At this time an agreed order was entered striking the October 13 trial date and resetting the case for status on November 16, 1989.

On November 16, 1989, counsel for Cohen did not appear and defendant informed the court that he had not received any information responsive to the outstanding discovery request. With only counsel for Wood Brothers present, the court reset the case for status on January 11, 1990, and imposed February 15 as a cut off for all discovery. On January 11, 1990, counsel for Cohen again did not appear in court. At this time the trial judge set the case for a final hearing on March 22. On March 13, 1990, again with only counsel for Wood Brothers present, the court imposed discovery sanctions, barring Cohen from presenting any evidence as to damages at the final hearing. At the March 22 hearing, Cohen's case was dismissed with prejudice. (Counsel for Cohen was again absent.)

On May 15, 1990, Timothy Carlmark, counsel for Cohen, resigned from his law firm, Cherry and Flynn, indicating to his superiors that Cohen's case was set for a final hearing in June 1990. Cherry and Flynn's review of Cohen's file did not reveal either the March 13 order granting discovery sanctions, or the March 22 dismissal with prejudice. Upon checking the clerk of the court's computerized docket, Cherry and Flynn learned that Cohen's case had been dismissed with prejudice as no evidence had been presented as to damages. Additionally, since the March 22 order did not reference the March 13 grant of sanctions, this appeared to be a dismissal for want of prosecution.

On August 8, 1990, Cohen's attorneys filed a section 2—1401 petition for relief from final judgment. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401.) Cherry and Flynn learned for the first time of the March 13 order granting sanctions when counsel for Woods Brothers attached a copy of the same to its motion in opposition to the section 2—1401 petition. On October 2, 1990, the trial court denied Cohen's section 2—1401 petition, citing Cohen's lack of due diligence in pursuing both the original claim and the post-judgment petition. Cohen appeals this denial of his request for post-judgment relief.

■ On appeal, plaintiff contends that in denying the section 2—1401 petition the trial court abused its discretion in applying a strict "due diligence" test instead of looking at whether "substantial justice" would be done if plaintiff's motion was granted. Section 2—1401 of the Illinois Code of Civil Procedure provides a comprehensive statutory procedure for obtaining relief from final orders and judgments after the expiration of 30 days from the entry thereof. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401.) In order to obtain relief under section

2—1401, a petitioner must establish that he has a meritorious claim, and that he exercised due diligence, both in the original action and in filing the section 2—1401 petition for relief. *Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 499 N.E.2d 1381.

It is not disputed that Cohen has a meritorious claim, as this court has already decided that a valid contract existed between the parties, and the trial court subsequently granted summary judgment in Cohen's favor on all issues except the extent of damages. What is at issue is the alleged lack of diligence of Cohen's attorneys and the strict due diligence standard adhered to by the trial court. Assuming, *arguendo*, that due diligence was lacking in the pursuit of both Cohen's case in chief and his section 2—1401 petition (Cohen's attorney missed four court appearances between August 1989 and August 1990, failed to respond to all discovery requests during this period, and further, failed to file for post-judgment relief until four months from the entry of the order dismissing Cohen's claim), this court must decide whether the trial court's denial of post-judgment relief is justified, or whether the interests of justice and fairness require the application of a relaxed due diligence standard and the granting of Cohen's section 2—1401 petition.

There is significant case law which supports the application of a strict due diligence standard and the trial court's denial of Cohen's section 2—1401 petition. Two recent second district cases, *Salazar v. Wiley Sanders Trucking Co.* (1991), 216 Ill. App. 3d 863, 576 N.E.2d 552, and *Carroll Service Co. v. Schneider* (1986), 144 Ill. App. 3d 38, 494 N.E.2d 253, which are factually similar to the case at bar, uphold the application of a strict due diligence standard. In *Caroll Service*, the trial court found that defendant had a meritorious defense, had exercised due diligence in the preparation of the section 2—1401 petition, but had not exercised due diligence in the prosecution of his lawsuit (he did not file an answer within 30 days of the complaint, and a default judgment was entered). The *Caroll* court attributed the negligence of the attorney to the defendant and refused to grant the section 2—1401 petition. In *Salazar*, plaintiffs' complaint was filed in July 1988 and dismissed for want of prosecution in November 1988. (Plaintiffs' attorney failed to file an amended complaint and failed to appear at the hearing on the motion to dismiss.) In December of 1988, plaintiffs' attorney filed a section 2—1301(e) motion (Ill. Rev. Stat. 1987, ch. 110, 2—1301(e)), which was never motioned up for hearing. In July 1989, this attorney resigned, claiming that he suffered from a mental illness, and advised the other members of his law firm that plaintiffs' case was still pending. Plaintiffs filed a section 2—1401 petition to vacate the dismissal for want of prose-

cution in April 1990, claiming that their attorney had misled them as to the status of their case. The Second District Appellate Court upheld the trial court's denial of plaintiffs' post-judgment petition and its determination that a plaintiff is bound by the negligence of his attorneys (citing *O'Malley v. Powell* (1990), 202 Ill. App. 3d 529, 559 N.E.2d 981). The *Salazar* court also found that plaintiffs did not use due diligence in filing their section 2—1401 petition until nine months after their attorney resigned.

Other recent case law, most notably several first district opinions, supports the application of a relaxed due diligence standard when required by the interests of justice and fairness. In *Yates v. Barnaby's of Northbrook* (1991), 218 Ill. App. 3d 128, 578 N.E.2d 174, plaintiff filed her personal injury suit in February 1987. Discovery was requested in April 1987, sanctions for noncompliance were requested in October 1987, plaintiff's original attorney requested leave to withdraw in March 1988, and plaintiff's case was dismissed with prejudice in April 1988 at an *ex parte* hearing. In July 1988 (three months after dismissal), plaintiff's substitute counsel filed a section 2—1401 petition, and in August 1989, plaintiff's claim was reinstated as required by justice and fairness, despite a finding of negligence and lack of due diligence on the part of plaintiff's counsel. In affirming the trial court's grant of plaintiff's section 2—1401 petition, the appellate court agreed with the trial court, which found that though due diligence was not present, largely due to lack of cooperation between the plaintiff's original and substitute counsel, justice and fairness required that the case be reinstated. In its opinion, the appellate court relied on a previous first district case, *Resto v. Walker* (1978), 66 Ill. App. 3d 733, 383 N.E.2d 1361, which noted that since petitions to vacate are addressed to the equitable powers of the court, "courts have not considered themselves strictly bound by precedent [citation], and have held, in the interest of justice and fairness, that these requirements need not be viewed in a vacuum [citation], nor must they invariably be enforced. *** In this regard, it is important to note the totality of circumstances attending the case, both before and after the rendition of judgment." *Resto*, 66 Ill. App. 3d at 739, 383 N.E.2d at 1366.

Another more recent first district case, *Kalan v. Palast* (1991), 220 Ill. App. 3d 805 expressed concern that plaintiff's attorney's firm should have been more diligent, but nevertheless upheld the granting of a section 2—1401 petition in spite of an attorney's negligence in failing to comply with discovery requests and appear at plaintiff's dismissal hearing. (The attorney pleaded that he was suffering from alcoholism.)

In *Zee Jay, Inc. v. Illinois Insurance Guaranty Fund* (1990), 194 Ill. App. 3d 1098, 552 N.E.2d 1027, another first district case, the appellate court upheld the trial court's grant of a section 2—1401 petition based on equitable considerations and in the absence of due diligence in both the case in chief and the post-judgment petition. Although the court noted that section 2—1401 relief will not be allowed to avoid a judgment resulting from a party's or his attorney's negligence or lack of due diligence (citing *Kaput v. Hoey* (1988), 124 Ill. 2d 370, 530 N.E.2d 230), it also stated that such relief involves the equitable powers of the court, and added that the court must liberally construe the scope of relief available to prevent an unjust result. (*Zee Jay*, 194 Ill. App. 3d at 1103, 552 N.E.2d at 1030.) In this breach of insurance contract case, plaintiff failed to comply with discovery requests, orders, and warnings of the court from January 1986 to July 1987. (Plaintiff's original counsel died in September 1986.) In September 1987, the trial court dismissed plaintiff's claim with prejudice. In August 1988, the trial court vacated the "with prejudice" language and granted plaintiff's section 2—1401 petition. In relaxing the due diligence requirements and allowing plaintiff's request for post-judgment relief, the trial court noted that in situations where the basis for dismissal is discovery violations, its practice is to dismiss with leave to refile under section 13—217. (Ill. Rev. Stat. 1987, ch. 110, par. 13—217.) The *Zee Jay* court also determined that the defendant would not be prejudiced by the reinstatement of plaintiff's actions. In its opinion, this court relied on the decision in *Kubian v. Labinsky* (1988), 178 Ill. App. 3d 191, 533 N.E.2d 22, which held that dismissal with prejudice is an inappropriate initial sanction for failure to comply with discovery. See also *In re Application of the County Treasurer & Ex-Officio County Collector* (1983), 114 Ill. App. 3d 921, 924, 449 N.E.2d 879, in which the first district found that a party has the right to be heard on the issue of damages even in the absence of due diligence. Furthermore, this opinion goes on to note that the "[i]nterests of fairness and justice require that a party who has a meritorious defense to a major portion of the award should be heard even though the requirements of due diligence are not met."

A review of these recent appellate court decisions seems to reveal a split between the first and second districts as to whether the due diligence standard should ever be relaxed. Reliance on the second district authority would support a strict application of the due diligence rule and require our affirmance of the denial of Cohen's petition for relief from judgment. However, we decline to follow this approach and alternatively rely on the ample authority provided by first

district jurisprudence to relax the due diligence standard simply to allow Cohen the opportunity to prove up the damages for a case which he has already won. While we do not hold that the denial of Cohen's petition was an abuse of discretion, we nevertheless find that the interests of fairness and substantial justice compel the exercise of the equitable powers of this court. The facts at bar involve not a case of ordinary negligence, but an extraordinary situation where a young attorney abruptly and unexplicably abandoned both his client and his law firm without attending court and without adequately documenting the files for which he retained responsibility. To charge a plaintiff with the harsh results of such aberrant and unanticipated conduct on the part of his attorney would be a mockery of the demands of substantial justice.

For the above reasons, we reverse the judgment of the circuit court denying plaintiff's section 2—1401 petition. We also vacate the March 13, 1990, order barring discovery, as such order was premature, and to do otherwise would be to grant plaintiff a hollow victory.

Reversed in part; vacated in part and remanded.

MURRAY and GORDON, JJ., concur.