RALPH EUGENE ROBINSON, Plaintiff-Appellee, v. COMMONWEALTH EDISON COMPANY, Defendant-Appellant (William H. Zander Naald et al., Defendants).

First District (1st Division) No. 1—90—2524

Opinion filed November 30, 1992.

Gerald J. Porento and Gerald F. Denotto, both of Commonwealth Edison Company, of Chicago, for appellant.

Drumke & Patterson, Ltd., of Chicago (Ronald A. Drumke, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Defendant Commonwealth Edison Company (Edison) appeals an order of the circuit court of Cook County granting plaintiff Ralph Robinson's motion to vacate a previous dismissal for want of prosecution (DWP). The other defendants in this suit, William H. Zander Naald, Annette M. Zander Naald, Elmer J. Vos, Wilma H. Vos, Joseph Devries and Joyce DeVries, individually and doing business as the Cortland Mobile Home Park, are not parties to this appeal. For the following reasons, we affirm.

The record on appeal indicates the following facts. On March 12, 1987, plaintiff filed a complaint against Edison and other defendants alleging he was injured when an antenna he was installing on a mobile home made contact with an overhead electrical wire. Count I on this complaint was founded on common law negligence; count II was founded on the Structural Work Act (Ill. Rev. Stat. 1985, ch. 48, pars. 60 through 69). Two attorneys are listed at the end of the complaint; however, only one attorney number and address are listed.

Edison moved to dismiss the claim for failure to state a cause of action, pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). On August 6, 1987, after a hearing on this motion, the trial court dismissed count II of the complaint with prejudice. The trial court also dismissed count I of the complaint, but allowed plaintiff 28 days, or until September 3, 1987, to file an amended complaint as to the common law negligence claim. Edison mailed plaintiff a copy of the August 6 order on August 11, 1987.

On September 8, 1987, the trial court dismissed the cause for want of prosecution. The DWP order does not state the basis for the order.

On August 11, 1989, plaintiff filed a petition to vacate the DWP pursuant to section 2—1401 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). The petition alleged that plaintiff received no notice of the September 8, 1987, hearing or DWP order. The petition also alleges that on October 16, 1987, after the issuance of an alias summons, plaintiff received the entry of an appearance on behalf of the Vos, DeVries and Cortland Mobile Home Park defendants. Plaintiff further alleged that he had a meritorious cause of action and had exercised due diligence in pursuing the claim, but extenuating circumstances warranted vacating the dismissal order.

A notarized affidavit attached to the section 2—1401 petition, signed by Francis Gulbranson, one of plaintiff's attorneys, states that the appearance of the other defendants led him to believe that the action was still pending. The affidavit also states that on September 30, 1986, a fire at Gulbranson's office rendered the office uninhabitable, required him to move to a temporary location until July 1987, and normal office procedure was therefore disrupted from September 1986 until some time after July 1987. The affidavit further states that litigation arising from the office fire, which required over 20 depositions, one of which lasted six days, culminated in a trial in April 1989. Consequently, Gulbranson stated that he was unaware of the DWP until May 1989.

On December 13, 1989, Edison filed its response to the section 2—1401 petition. On January 8, 1990, the trial court denied the section 2—1401 petition because it failed to specify the facts establishing that plaintiff had a meritorious cause of action.

On January 31, 1990, plaintiff filed a motion to reconsider the January 8, 1990, order and for leave to file an amended complaint as an amendment to the section 2—1401 petition. On April 30, 1990, the trial court held a hearing on the motion to reconsider. The trial court told the parties at the outset that it would be taking the matter under advisement at the conclusion of the hearing. Plaintiff argued that the amended complaint would provide the facts supporting the allegation of a meritorious claim in the section 2—1401 petition. The trial court inquired about whether plaintiff had exercised due diligence, as the court had not reached that issue previously. The trial court allowed plaintiff to supplement his motion to address this second issue.

On July 18, 1990, the trial court held another hearing in this case. The trial court first returned to the motion to reconsider. After hearing argument from both sides, the trial court concluded that the amended complaint that plaintiff wished to file contained allegations

which would support a meritorious cause of action. The trial court went on to state that plaintiff had not shown due diligence.

The trial court then inquired as to whether there were any reasons why the court should invoke its equitable powers to reinstate the case despite the lack of due diligence. The trial court inquired if Gulbranson was familiar with Edward Carter, whose name appeared as the attorney of record on the computer printout relating to this case. Gulbranson responded that he did not know Edward Carter. The trial court inquired as to Gulbranson's Cook County identification number. Gulbranson responded that he was given the number 24420. The trial court remarked that number 24420 also appears on the summons in this matter.

After a short recess, the trial judge indicated that the clerks had Gulbranson registered as number 24220, not 24420. The trial court asked Gulbranson how he had acquired the number, to which he responded that because he had not had a case in Cook County for some time, he reverified the number by telephone. Edison noted that the initial complaint also listed James D. O'Grady as co-counsel. Gulbranson responded that he did not share office space with O'Grady, who practiced in DeKalb. The trial court verified from Gulbranson that the address given was Gulbranson's. The trial court surmised that Edward Carter received the notices that Gulbranson stated he did not receive. The trial court noted that a law practice with more than one attorney tended to be more efficient than a solo practice. The court further noted that Gulbranson appeared to have a problem hearing the trial court during the proceedings. The trial court, taking into account the proposed amended complaint, exercised its equitable powers and granted plaintiff's section 2—1401 petition. Edison now appeals.

I

Edison first argues that plaintiff was barred from seeking relief under section 2—1401 because a DWP is not a final and appealable order. Section 2—1401 provides relief from final judgments and orders. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401(a).) A dismissal for want of prosecution is not a final and appealable order. (*Wold v. Bull Valley Management Co.* (1983), 96 Ill. 2d 110, 449 N.E.2d 112; *Flores v. Dugan* (1982), 91 Ill. 2d 108, 435 N.E.2d 480.) This court has held, however, that *Wold* and *Flores* are limited to direct appeals of a DWP and do not apply to section 2—1401 petitions. See *Commercial National Bank v. Mehta* (1986), 144 Ill. App. 3d 924, 933, 494 N.E.2d 779, 784; *Howard Ecker & Co. v. Terracom Development Group, Inc.* (1983), 116 Ill. App. 3d 918, 919, 452 N.E.2d 781, 783; *Yorke v. Stine-*

*way Drug Co.* (1982), 110 Ill. App. 3d 1009, 1013, 443 N.E.2d 644, 647.

■ Edison argues that cases such as *Yorke* do violence to the legislature's statutory scheme. However, in *Flores*, the supreme court held that a DWP was not final and appealable because the plaintiff had an absolute right to refile the complaint within the statutory limit now set forth in section 13—217 of the Code of Civil Procedure; thus, the DWP order did not terminate the litigation within the statutory limit. (See *Flores*, 91 Ill. 2d at 114, 435 N.E.2d at 482-83 (interpreting old section 24); *Tuch v. McMillen* (1988), 167 Ill. App. 3d 747, 521 N.E.2d 1218.) Conversely, it follows that once the statutory refiling period has run, the *Flores* rationale no longer applies and the litigation is terminated—*i.e.*, the DWP order becomes final and appealable. (See *Bowers v. Village of Palatine* (1990), 204 Ill. App. 3d 135, 138-39, 561 N.E.2d 1154, 1156.) The record in this case indicates that the statutory refiling period had run when plaintiff filed his section 2—1401 petition. Given these circumstances, plaintiff was not barred from seeking relief under section 2—1401.

## II

In the alternative, Edison argues that the trial court erred in granting plaintiff's petition. Generally, in order to obtain relief under section 2—1401, a plaintiff must show that he has a meritorious claim and that he exercised due diligence both in presenting the original claim and the section 2—1401 petition. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 220-21, 499 N.E.2d 1381, 1386.) However, a section 2—1401 petition is addressed to the equitable powers of the trial court, which must consider all the circumstances and liberally construe the scope of relief available to prevent an unjust result. (See *Eastman Kodak Co. v. Guasti* (1979), 68 Ill. App. 3d 484, 386 N.E.2d 291.) The trial court decides whether to grant a section 2—1401 petition within the framework of the legal philosophy that litigation should, if possible, be determined on the merits according to the substantive rights of the parties. (*Zee Jay, Inc. v. Illinois Insurance Guaranty Fund* (1990), 194 Ill. App. 3d 1098, 1102, 552 N.E.2d 1027, 1030.) The trial court's decision will not be reversed absent an abuse of discretion. See *Yorke*, 110 Ill. App. 3d at 1014, 443 N.E.2d at 648.

## A

Edison contends that plaintiff failed to demonstrate that he had a meritorious claim. Edison notes that the petition in this case merely contained a conclusory statement that plaintiff had a meritorious

claim and that the accompanying affidavit did not contain statements concerning the claim. Edison further notes that the basis for the trial court's initial denial of the petition on January 8, 1990, was that it did not contain facts supporting the conclusion that the claim was meritorious.

Edison admits that on July 18, 1990, the trial court determined that facts alleged in the amended complaint appeared on its face to indicate a meritorious cause. Nevertheless, Edison argues that because the petition and proposed amended complaint are not verified, the allegations therein are not evidence. (See *Burton v. Estrada* (1986), 149 Ill. App. 3d 965, 501 N.E.2d 254.) Edison concludes, therefore, that plaintiff did not prove his case by a preponderance of the evidence. See *Airoom,* 114 Ill. 2d at 223, 499 N.E.2d at 1387.

■ Edison's argument overlooks an important point of law. Although the trial court may not be *required* to assume that *contested* facts alleged in an unverified amended complaint are true when considered on a motion to vacate a dismissal (*Wilde v. First Federal Savings & Loan Association* (1985), 134 Ill. App. 3d 722, 728, 480 N.E.2d 1236, 1240), it is only when the factual allegations in the section 2—1401 petition are challenged by the respondent that the petitioner must prove his or her case at an evidentiary hearing. (See *Airoom,* 114 Ill. 2d at 223, 499 N.E.2d at 1387.) Thus, if the respondent fails to file a responsive pleading, the facts alleged by the petitioner may be taken as true (see *Windmon v. Banks* (1975), 31 Ill. App. 3d 870, 335 N.E.2d 116) and the trial court may decide the case on the pleadings, affidavits, exhibits and supporting material before it. (*Cf. Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 286, 433 N.E.2d 253, 259 (analogizing section 2—1401 to summary judgment).) Pleadings already on file *or* facts previously unknown to the trial court may also afford a basis for granting a section 2—1401 petition. See *Hall v. Hall* (1973), 15 Ill. App. 3d 599, 602, 304 N.E.2d 763, 766 (pleadings); *Smith v. Pappas* (1969), 112 Ill. App. 2d 129, 133, 251 N.E.2d 390, 392 (facts unknown to the trial court).

■ In this case, plaintiff filed his section 2—1401 petition and later filed a motion to reconsider with leave to file an amended complaint *instanter*. Edison does not indicate that it ever sought to controvert any facts alleged in the complaint, petition or proposed amended complaint. Thus, the trial court was entitled to take the allegations of the petition as true and consider other supporting material in reaching its decision.

■ In this case, the record indicates that the affidavit supporting the petition attempted to explain Gulbranson's failure to appear on

behalf of plaintiff. The trial court initially denied the petition because it failed to contain specific factual allegations of a meritorious cause of action. The record also indicates that the common-law negligence claim had been dismissed without prejudice and with leave to file an amended complaint. Upon moving for reconsideration of the denial of his petition, plaintiff sought leave of the court to file an amended complaint *instanter*. The trial court may have viewed the proposed amended complaint as an exhibit to demonstrate that but for the circumstances evidenced by the affidavit and court records, plaintiff would have filed an amended complaint which stated a claim for negligence. Moreover, at the hearing on the motion to reconsider, the trial court took notice of court records from which the court inferred that the notices for the hearings at issue were not sent to Gulbranson. This information was not known to the trial court at the time it entered the DWP order. Under *Airoom, Ostendorf, Hall* and *Smith*, the trial court did not abuse its discretion, given the facts and circumstances in this case.

B

Edison next contends that plaintiff failed to show due diligence. This argument is superfluous, given that the trial court agreed with Edison on this point and plaintiff did not cross-appeal on this point. The record indicates that the trial court exercised its equitable powers to excuse the lack of due diligence in this case. Thus, the issue to be addressed is whether this exercise of equitable power was an abuse of discretion.

It is undisputed that the trial court may exercise its equitable powers to excuse due diligence in a given case. (*Airoom*, 114 Ill. 2d at 225, 499 N.E.2d at 1388.) Yet Edison contends that the exercise of that power in this case was an abuse of discretion. Edison argues that the exercise of equitable powers to excuse a lack of due diligence is limited to cases involving fraudulent or unconscionable behavior on the part of the opposing party and cases of error by the trial court. (See *Airoom*, 114 Ill. 2d at 226-29, 499 N.E.2d at 1388-89; *Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719; *Romito v. Williamson* (1989), 180 Ill. App. 3d 142, 535 N.E.2d 18.) The cases in the former category are cases in which the supreme court held that a mere assertion of lack of notice was insufficient to warrant equitable relief. See *Airoom*, 114 Ill. 2d at 226-29, 499 N.E.2d at 1388-89; *Esczuk*, 39 Ill. 2d at 468-69, 236 N.E.2d at 720-21.

The argument is not convincing, given the existence of counterexamples. In *Resto v. Walker* (1978), 66 Ill. App. 3d 733, 383 N.E.2d

1361, this court granted relief based on an oral misrepresentation by a court clerk. In *Kalan v. Palast* (1991), 220 Ill. App. 3d 805, 581 N.E.2d 175, this court affirmed vacatur where the attorney's neglect of the case was primarily due to an illness or disability. *Resto* and *Kalan* suggest that the due diligence requirement may be relaxed in order to achieve a just and equitable result in a particular case. See *Cohen v. Wood Brothers Steel Stamping Co.* (1991), 227 Ill. App. 3d 354, 592 N.E.2d 59.

■ In this case, the trial court noted that one reason for Gulbranson's failure to appear was that Gulbranson entered a registration number other than his own after verifying this number with the court by phone. The trial court also noted that Gulbranson may have had a hearing problem. The record thus contains factors similar to those present in *Resto* and *Kalan*. Although Edison apparently mailed one notice to Gulbranson in the course of the litigation, the trial court noted a number of factors, including a fire at Gulbranson's office, that may have contributed to Gulbranson's lack of diligence in this case. Consequently, defendant has failed to demonstrate that the trial court abused its discretion in excusing plaintiff's lack of due diligence, given the facts and circumstances presented here.

## C

Finally, Edison contends that the trial court erred because plaintiff also lacked due diligence in presenting his section 2—1401 petition. Gulbranson's affidavit in support of plaintiff's petition states that Gulbranson became aware of the DWP order in May 1989. The petition was filed on August 11, 1989. Thus, the filing delay appears to be between 2½ and 3½ months from the time Gulbranson became aware of the DWP. This court has upheld a trial court's finding of a lack of due diligence in filing a petition where the petitioner delayed for similar periods of time. (*E.g., Cooper v. United Development Co.* (1984), 122 Ill. App. 3d 850, 857, 462 N.E.2d 629, 634.) However, this court has also ruled in favor of vacatur where the petitioner delayed filing for a similar period of time. (See *Cohen*, 227 Ill. App. 3d at 357, 592 N.E.2d at 60 (four months); *Yates v. Barnaby's* (1991), 218 Ill. App. 3d 128, 129, 578 N.E.2d 174, 175 (between two and three months); *Zee Jay*, 194 Ill. App. 3d at 1101, 552 N.E.2d at 1030 (seven months).) The determination of whether the facts of a particular case warrant the exercise of the trial court's equitable power is by necessity less than mechanical.

■ Edison notes that the petition was not filed until 23 months after the DWP order was entered. The petition was therefore filed

within the two-year period specified in section 2—1401(c) (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401(c)), measured from the entry of the DWP order and within a year of the date when the DWP became final and appealable. In the case relied upon by Edison, *Chovan v. Floor Covering Associates, Inc.* (1987), 159 Ill. App. 3d 447, 512 N.E.2d 801, the petition was not filed until more than a year after the dismissal was final. Although the total period of time from the entry of the DWP order may be relevant in determining whether the respondent would suffer prejudice from vacatur, Edison has not indicated how it would be unfairly prejudiced by the total delay. In the absence of prejudice, defendant has failed to show that the trial court abused its discretion, given the record in this case.

For all of the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY, P.J., and O'CONNOR, J., concur.