DIANE E. KIRK, as Independent Adm'r of the Estate of Jerome Kirk, Deceased, Plaintiff-Appellant, v. MICHAEL REESE HOSPITAL AND MEDICAL CENTER *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 1—91—2568

Opinion filed August 9, 1995.—Rehearing denied September 21, 1995.

Kenneth C. Chessick and John W. Fisk, both of Schaumburg, for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Norman J. Barry, Jr., Michael A. Pollard, and Michael T. Pfau, of counsel), for appellees Michael Reese Hospital and Medical Center and Dr. LaFontaine.

Clausen, Miller, Gorman, Caffrey & Witous, P.C., of Chicago (James T. Ferrini, Joyce M. Maxberry, and Imelda Terrazino, of counsel), for appellee Charles Campbell.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Diane E. Kirk, as independent administrator of the estate of Jerome Kirk, deceased, filed this medical malpractice suit alleging wrongful death and survival actions against defendants Michael Reese Hospital and Medical Center, Dr. Charles Campbell, Dr. LaFontaine, Dr. Vitullo, and Dr. B. Zahed. The trial court granted summary judgment in favor of all defendants.[1] Plaintiff filed a motion to vacate and reconsider the summary judgment, which was denied. Plaintiff appeals from the denial of her motion to vacate and reconsider the summary judgment. We vacate the summary judgment and remand with directions.

This suit was originally filed on behalf of Jerome Kirk, a minor, by his mother and next friend, Diane Kirk, on December 13, 1983. The suit alleged that the defendants were guilty of medical malpractice involving an operative procedure that was performed on Jerome Kirk's heart in March of 1982. Jerome Kirk died during the course of the litigation, and a second amended complaint was filed on October 26, 1987, naming as plaintiff Diane E. Kirk, as independent administrator of the estate of Jerome Kirk, deceased. The second amended complaint alleges wrongful death and survival actions.

One of the defendants filed a motion for summary judgment alleging that the plaintiff failed to identify an expert witness who could establish that the defendant had breached the appropriate standard of care during treatment of the decedent. The other defendants joined in the motion for summary judgment. Each of the defendants filed affidavits to support summary judgment, stating that they had complied with the applicable standard of care in their treatment of the decedent. Plaintiff was given 90 days to file a response to the motion for summary judgment, and the matter was set for hearing on April 4, 1991.

On April 3, 1991, plaintiff presented an emergency motion to voluntarily dismiss the case without prejudice pursuant to section 2—1009 of the Code of Civil Procedure (735 ILCS 5/2—1009 (West 1992)). The trial court continued the motion to April 4, when the motion for summary judgment was set for hearing. On April 4, the trial court decided to hear the motion for summary judgment prior to hearing plaintiff's motion for a voluntary dismissal. See *Gibellina v. Handley* (1989), 127 Ill. 2d 122, 535 N.E.2d 858.

At the hearing on April 4, 1991, plaintiff's counsel advised the trial court that he did not have an expert witness to testify against

---

[1]Plaintiff does not contest the summary judgment in favor of defendants Dr. Vitullo and Dr. B. Zahed, and they are not involved in this appeal.

the defendants, and he represented to the trial court that there was no certainty that an expert could be identified at any time in the near future. The trial court then entered summary judgment in favor of the defendants for the reason that plaintiff did not have an expert witness to testify against defendants.

On May 2, 1991, plaintiff filed an emergency motion for substitution of attorneys and for leave to file *instanter* plaintiff's motion to vacate and reconsider the summary judgment. The motion for substitution of attorneys was allowed, and plaintiff's present counsel substituted for her previous counsel. Plaintiff was also granted leave to file her motion to vacate and reconsider the summary judgment. After a hearing, the trial court denied plaintiff's motion to vacate and reconsider the summary judgment; it is this order that is the subject matter of this appeal.

Plaintiff's motion is supported by the affidavit of her present counsel. His affidavit states that he was retained by plaintiff following the entry of the April 4, 1991, order of summary judgment; that he provided the medical records regarding the decedent minor Jerome Kirk to Dr. Aladin Mariano, M.D.; that on or about April 25, 1991, he received the opinions of Dr. Mariano regarding the care and treatment received by the decedent minor, as reflected in Dr. Mariano's accompanying affidavit; and that Dr. Mariano did not formulate his opinions in this case, and had no opinions in this case prior to the April 4, 1991, hearing, and his opinions regarding same were unavailable to plaintiff or her prior counsel before that time.

Plaintiff's motion states, in part, as follows:

"3. That plaintiff's current counsel has secured the testimony of a licensed physician and surgeon practicing in the specialty of cardiovascular and thoracic surgery who will testify as to deviations from the standard of care by defendants, and as to issues of proximate cause and damages.

4. That attached hereto as Exhibit 'B' and incorporated herein, is the affidavit of Aladin Mariano, M.D. attesting to the matters as aforesaid.

5. That justice and equity demand that the Court's prior order of April 4, 1991 be reconsidered and vacated, and plaintiff allowed to present expert testimony as to the aforesaid defendants' breach of the applicable standard of care, proximate cause and damages.

6. That based upon the above referenced affidavit of Dr. Aladin Mariano, M.D., there exist[ ] disputed issues of material fact which preclude summary judgment in favor of the aforesaid defendants."

The affidavit of Dr. Mariano that accompanied plaintiff's motion states, in part, as follows:

"1. I am a licensed physician and surgeon, practicing in the specialty of cardiovascular and thoracic surgery.

2. I have reviewed the relevant medical records and deposition transcripts in the above captioned case and I am knowledgeable in the issues in this case.

3. Based upon my review of the above records and transcripts, it is my opinion that on March 8, 1982 Dr. Campbell, Dr. LaFontaine, and the nursing staff of Michael Reese Hospital breached the standard of care for doctors and nurses by failing to adequately 'strip' the chest tubes, suction and clear the chest tubes of clotted blood, and maintain their patency. In addition, they negligently failed to remove the blood clot from around the baby's heart promptly in the intensive care unit. Repeat operation to evacuate the pericardial tamponade should have been scheduled to be done immediately as an 'emergency' and not as an 'urgent operation'. A delay of over one hour and thirty minutes after the decision to operate was made was not consistent with the standard of care.

4. The failure to do the above acts and promptly treat the pericardial tamponade caused the baby's cardiac arrest, neurological damage, renal failure, and ultimately death."

In reviewing this case, we preliminarily note what is and what is not up for our review. Our review involves solely whether plaintiff's motion to vacate the summary judgment and reconsider defendants' motion for summary judgment should be allowed. Our review does not involve whether the motion for summary judgment should be allowed on the merits as to whether there exists a material issue of fact.

■ Since petitions to vacate are addressed to the equitable powers of the court, hidebound precedents and principles do not control the granting or denying of the petitions. Rather, what must control are equitable considerations and whether the petition to vacate should be granted or denied in the interest of justice and fairness. (*Cohen v. Wood Brothers Steel Stamping Co.* (1991), 227 Ill. App. 3d 354, 358-59, 592 N.E.2d 59, 61-62; *Yates v. Barnaby's* (1991), 218 Ill. App. 3d 128, 130, 578 N.E.2d 174, 175.) The guiding principle is that the petition invokes the equitable powers of the court to prevent enforcement of a judgment or dismissal of an action when it would be unfair, unjust or inequitable. *Pronto v. Tishman Speyer Monroe Venture* (1995), 274 Ill. App. 3d 624.

■ Here, although plaintiff's counsel was unable to obtain an expert witness at the time the summary judgment was entered, plaintiff engaged substitute counsel who was able to obtain an expert witness who appears competent to testify at a trial on the merits of the case. At the earliest opportunity, and within the time that the

trial court maintained jurisdiction of the case, an affidavit of the newly discovered expert was filed with the court. Under the circumstances, there exists an opportunity to have this medical malpractice case decided on the merits or decided on the basis of a deficiency that has been remedied at the earliest opportunity. Equitable considerations mandate a singular conclusion.

It would plainly be unfair, unjust and inequitable to have this case decided other than on the merits as to whether there exists a genuine material factual issue after considering defendants' affidavits and the affidavit of plaintiff's expert witness. (See *Cohen,* 227 Ill. App. 3d at 358-59, 592 N.E.2d at 61-62; *Yates,* 218 Ill. App. 3d at 130, 578 N.E.2d at 175; *Pronto v. Tishman Speyer Monroe Venture* (1995), 274 Ill. App. 3d 624.) Moreover, a decision on the plaintiff's motion to vacate must be made within the framework of the legal philosophy that litigation should be determined on its merits if possible and according to the substantive rights of the parties. (*Zee Jay, Inc. v. Illinois Insurance Guaranty Fund* (1990), 194 Ill. App. 3d 1098, 1102, 552 N.E.2d 1027, 1031.) The summary judgment in favor of defendants must therefore be vacated, and defendants' summary judgment motion must be reconsidered on the merits as to whether there exists a genuine material factual issue taking into account the affidavit of plaintiff's expert witness.

Accordingly, the summary judgment is vacated and the case is remanded for reconsideration of defendants' motion for summary judgment on the merits, taking into account the affidavit of the plaintiff's expert witness, and for further proceedings.

Vacated and remanded with directions.

GREIMAN, P.J., and CERDA, J., concur.