SECOND DIVISION
 April 15, 1997





No. 1-96-2110

ENCLOSURES, INC., ) Appeal from the
 ) Circuit Court of
 Plaintiff-Appellant, ) Cook County.
 )
 v. )
 )
AMERICAN PAY TELEPHONE CORPORATION,) 
 )
 Defendant-Appellee, ) 
 ) 
 and )
 ) Honorable
DONALD WINTON, ) Amanda Toney,
 Defendant. ) Judge Presiding.

 JUSTICE McNULTY delivered the opinion of the court:

 Plaintiff, Enclosures, Inc., appeals from the trial court
order vacating the judgment plaintiff had obtained in its breach
of contract action against defendant American Pay Telephone
Corporation (APT). We reverse and remand.
 Plaintiff filed this breach of contract action on March 16,
1995, against defendant APT and APT s president, Donald Winton. 
 A registered agent of APT was served with process. Winton was
never served and he is not a party to this appeal. APT failed
to file an appearance and on April 27, 1995, a default judgment
was entered against APT. On June 29, 1995, plaintiff failed to
appear for a proveup on damages, and the case was dismissed for
want of prosecution. On July 28, 1995, plaintiff moved to
vacate the dismissal order. On September 9, 1995, plaintiff
sent APT notice that a hearing on the motion to vacate the
dismissal order would be held on September 26, 1995. APT did
not appear at the September 26 hearing, and the trial court
vacated the dismissal for want of prosecution and set the matter
for proveup on December 12, 1995. APT did not appear at the
December 12 proveup. The trial court entered a default judgment
against defendant in the amount of $29,629, plus costs. 
 On January 30, 1996, APT filed a petition to vacate the
December 12, 1995, judgment under section 2-1401 of the Code of
Civil Procedure. 735 ILCS 5/2-1401 (West 1994). The petition
and attached affidavit of Donald Winton stated APT's defense to
the breach of contract action and that APT exercised diligence
before and after the default judgment. Winton's affidavit
stated that, in the summer of 1995, a former employee of APT
checked on the status of the case and reported to APT that the
case had been dismissed for want of prosecution. Winton claims
that APT did not learn that the dismissal order had been vacated
or that a default judgment had been entered until January 23,
1996, when APT's attorney checked the court file. One week
after learning this, APT filed this petition to vacate the
judgment.
 At the hearing on APT s motion to vacate, APT's attorney
informed the court that he had represented APT since the
corporation was formed, but that for a period of about a year,
during the occurrence of the events at issue, he stopped
representing the corporation. The attorney stated that he
believed that APT did not have an attorney and was at a "loss
for what to do." The attorney also stated that APT had a
regulatory attorney on staff, and it was that attorney who
discovered that the case had been reinstated and a default
judgment had been entered. 
 At the conclusion of the hearing, the trial court granted
APT s motion to vacate, finding that defendant had not exercised
due diligence, but that it was "invoking its powers to allow for
vacating this judgment." Plaintiff claims on appeal that the
circuit court abused its discretion in granting APT's petition
to vacate despite the court's express finding that APT had not
exercised due diligence.
 Section 2-1401 of the Code of Civil Procedure provides a
mechanism whereby final judgments, decrees, and orders may be
vacated 30 days after their entry. In order to get relief under
section 2-1401, the petitioner must show by a preponderance of
the evidence: (1) a meritorious defense or claim in the original
action; (2) due diligence in pursuing the defense or claim in
the trial court; and (3) due diligence in presenting the section
2-1401 petition. Smith v. Airoom, Inc, 114 Ill. 2d 209, 499
N.E.2d 1381 (1986). The section 2-1401 petitioner has the
burden of establishing these elements by a preponderance of the
evidence. Klein v. La Salle National Bank, 155 Ill. 2d 201, 613
N.E.2d 737 (1993). Whether a section 2-1401 petition should be
granted lies within the sound discretion of the trial court, and
a reviewing court will only disturb a circuit court's order
granting such relief if it finds that the trial court abused its
discretion. Smith, 114 Ill. 2d at 221.
 The sole issue here is whether the trial court abused its
discretion when it granted APT s petition to vacate despite its
express finding that defendant had not exercised due diligence. 
The trend in Illinois is to relax the due diligence standard
where necessary to prevent the unjust entry of default judgments
and to effect substantial justice. Pirman v. A&M. Cartage,
Inc., 285 Ill. App. 3d 993, 674 N.E.2d 874 (1996). However, in
those cases where the due diligence requirement has been
relaxed, extraordinary circumstances existed that justified the
relaxed standard. In Cohen v. Wood Brothers Steel Stamping Co.,
227 Ill. App. 3d 354, 592 N.E.2d 59 (1991), for example, the
trial court dismissed plaintiff s case after plaintiff failed
to comply with discovery requests or appear at a hearing to
prove up his damages. The trial court denied plaintiff s
petition for relief under section 2-1401, finding that plaintiff
lacked diligence in pursuing his claim. The appellate court
reversed, finding that this was an appropriate case in which to
relax the due diligence requirement since this was "not a case
of ordinary negligence, but an extraordinary situation where a 
young attorney abruptly and unexplicably abandoned both his
client and his law firm without attending court and without
adequately documenting the files for which he retained
responsibility." Cohen, 227 Ill. App. 3d at 360. The court
found it unjust to force the plaintiff to suffer the
consequences of such aberrant and unanticipated conduct. See
Kalan v. Palast, 220 Ill. App. 3d 805, 581 N.E.2d 175 (1991)
(due diligence requirement relaxed where, due to attorney s
alcoholism, he failed to comply with discovery requests or
appear at a hearing on a motion to dismiss); Robinson v.
Commonwealth Edison Co., 238 Ill. App. 3d 436, 606 N.E.2d 615
(1992) (trial court did not abuse its discretion when it excused
due diligence requirement because attorney s failure to appear
at a hearing was due to his hearing problem as well as a fire
in his office); Yates v. Barnaby's of Northbrook, 218 Ill. App.
3d 128, 578 N.E.2d 174 (1991) (justice and fairness required
that the judgment be vacated, even though the due diligence
standard had not been met, due largely to the lack of
cooperation between plaintiff's original and substitute
counsel).
 APT claims that the recently decided Pirman v. A&M Cartage,
Inc., 285 Ill. App. 3d 993, 674 N.E.2d 874 (1996), stands for
the proposition that a section 2-1401 petition can be granted
despite the fact that no due diligence was exercised. The trial
court in Pirman found that, although "due diligence was never
exercised," the equitable powers of the court could nonetheless
be invoked to prevent the enforcement of a default judgement. 
285 Ill. App. 3d at 999-1000. The trial court failed to specify
any equitable considerations that justified disregarding the due
diligence requirement. The appellate court, however, while
affirming the trial court's decision to grant the section 2-1401
petition, found that defendant's actions were sufficiently
diligent so as to satisfy the requirements of section 2-1401.
 In the instant case, the trial court specifically found that
APT had not exercised due diligence, yet stated no equitable
factors that would justify completely disregarding the due
diligence requirement. Our careful review of the record reveals
that APT failed to exercise any diligence and that there were
no extraordinary circumstances that would justify relaxing the
due diligence standard. APT exercised total disregard in
presenting his defense to plaintiff s claim. APT never filed
an answer or appearance, and despite being given notice, failed
to appear at any of the hearings or proveups. While APT may
have been without its litigation attorney during these events,
that does not justify APT s failure to present any defense,
particularly in light of the fact that APT did have a corporate
attorney in its employ at the time. Accordingly, we find no
equitable considerations justifying the trial court s decision
to excuse APT from satisfying the due diligence requirement. 
We therefore reverse the trial court order granting APT s
section 2-1401 petition to vacate and remand this cause to the
trial court for the reinstatement of the judgment entered
against APT on December 12, 1995.
 Reversed and remanded.
 DiVITO, P.J., and RAKOWSKI, J., concur.